394 So.2d 1341 (1981)
Benjamin C. WRAY
v.
Sarah Dawn WRAY.
No. 52584.
Supreme Court of Mississippi.
March 11, 1981.
*1342 Virgil G. Gillespie, Gulfport, for appellant.
Jimmy D. McQuire, Gulfport, for appellee.
Before ROBERTSON, BROOM and HAWKINS, JJ.
HAWKINS, Justice, for the Court:
This is an appeal by the appellant Benjamin C. Wray from a final decree or order of the Chancery Court of Harrison County construing a divorce decree theretofore rendered by the same court, and awarding certain alimony to the appellee Sarah Dawn Wray to have been a "lump sum" alimony provision as opposed to "periodic or continuing alimony."
We reverse and render.
On August 10, 1979, a final decree for divorce was granted the appellee Sarah Dawn Wray from her husband the appellant Benjamin C. Wray, containing the following language:
"4. That the parties hereto have jointly and voluntarily entered into a property settlement agreement and that this Court has reviewed same and does hereby approve same. Consequently, the parties are hereby ordered and directed to abide by and be in compliance with the following awards:
"a. The complainant is hereby awarded alimony in the amount of $400 per month for the next 24 months, the first payment being due on the 1st day of September, 1979. At the expiration of the aforesaid 24 months, the complainant shall be awarded alimony until her remarriage at the rate of $200 per month.
"b. The complainant is hereby awarded the sum of $200 per month as child *1343 support for the minor child. Said award shall commence on the 1st day of September, 1979, and continue until further order of the Court. Additionally, the defendant shall be responsible for the educational expenses of the minor child.
"c. The aforesaid child support and alimony payments shall be made and paid into the registry of this Court and the Clerk is hereby directed to forward same to the complainant.
"d. There are four existing life insurance policies. The complainant is hereby awarded the ownership, use and possession, and full benefit of the State Farm Life Insurance Policy believed to be Policy No. 848,584 and also the Estate Life Insurance Company of Indiana Policy believed to be Policy No. 705,844. Said policies are awarded to her until her death. The defendant is hereby ordered and directed to be responsible for and to make the payments on said policies and in no way shall he encumber or otherwise dispose of said policies. Defendant shall further provide complainant with proof of payment on said policies. As to the other life insurance policies being with the Government Personnel Life Insurance Company, Mr. Wray is hereby awarded ownership of said policies and may dispose of them according to his wishes. Should the complainant remarry, her ownership and beneficiary status in the two policies awarded her shall not be affected.
"e. The Defendant is hereby ordered and directed to deed over to Mrs. Wray the house and contents thereof located at 76 Fleetwood Drive, Gulfport, Mississippi.
"f. Defendant shall be responsible for maintaining the youngest child on ID privileges through the military and shall be responsible for any of his medical, hospital, or other medically related bills over and above those not covered by military privileges.
"g. The defendant shall deliver to the complainant the sum of $2,000 alimony and additionally deliver to her the sum of $750 as attorney's fees. Further, the cost of these proceedings shall be taxed against the defendant, Mr. Wray, for which let execution issue.
"ORDERED, ADJUDGED, and DECREED, this the 10th day of August, 1979."
Wray paid three of the monthly installments of $400.00 beginning September 1, 1979, through November 1, 1979. Mrs. Wray remarried November 19, 1979.
The issue before the chancellor at the hearing held on May 7, 1980, was whether or not the above provision of the decree awarding alimony in the amount of $400.00 per month for 24 months was "lump sum alimony" or "periodic or continuing alimony." The chancellor was of the opinion that the alimony award for the first 24 months in the amount of $400.00 per month was clearly lump sum. His opinion states:
"This is emphasized by the last sentence of Paragraph 4(a) of the Final Decree which explicitly states that at the expiration of the 24 months, the Complainant shall be awarded alimony until her remarriage at a different rate."
The chancellor thereupon dismissed the petition of the appellant Wray to terminate the alimony payments on the ground that the appellee had remarried.
This appeal presents the sole question of whether the chancellor correctly interpreted the former decree rendered by himself in that court.
The interpretation of a Tennessee judgment was involved in the case of Gillum v. Gillum, 230 Miss. 246, 92 So.2d 665 (1957). In that case, quoting at length from CJS on Judgments, we made the following statements:
"As a general rule, the meaning, effect, and legal consequences of a judgment must be ascertained from its own provisions and language, if possible."
* * * * * *
"A judgment should be construed with reference to the issues raised in the case and which are intended to be decided, and the scope of the judgment is not to be extended beyond the issues raised in the *1344 case, or the state of facts and situation of the parties existing at the time of the action. If there is ambiguity in the judgment, the entire record may be examined to determine the issues decided."
In this case the chancellor found no ambiguity in the divorce decree, and interpreted the language of the decree itself in reaching his decision.
Was he correct? Or, was the provision above referred to periodic or continuing alimony?
This Court is firmly committed to the principle that periodic or continuing alimony is terminated upon the death or remarriage of the wife. Sides v. Pittman, 167 Miss. 751, 150 So. 211 (1933); Bridges v. Bridges, 217 So.2d 281 (1968).
As to lump sum or gross alimony, Bunkley and Morse's Divorce and Separation in Mississippi, Section 6.07 states: "Where alimony is awarded in a lump sum, it is a final settlement between the husband and wife as to the extent of his duty to contribute to her support which cannot be changed or modified on the application of either party for any cause whatever." This same authority, Section 6.06 states the court may, in its discretion, "... award a definite sum in gross, payable presently or in installments, or allow a reasonable sum to be paid continuously, at stated intervals, for such time as may be limited in the decree." (Emphasis added) Lump sum alimony, due and payable in one installment is a fixed obligation just as accrued alimony payments. Guess v. Smith, 100 Miss. 457, 56 So. 166 (1911); Rainwater v. Rainwater, 236 Miss. 412, 110 So.2d 608 (1959). Whether lump sum alimony due and payable in fixed installments is any different from continuous alimony payable in periodic payments, however, is not free from difficulty. In Aldridge v. Aldridge, 200 Miss. 874, 27 So.2d 884 (1946), the chancery court had awarded the wife $7,500.00 lump sum alimony, and on appeal this Court held it would be oppressive to require the husband to pay it in one sum. We permitted the husband to pay $1,500.00 in the first payment, and the balance payable quarterly in installments of $500.00 until the full sum of $7,500.00 was paid. We held there:
"It is the intent of such award to invest the entire allowance with the incidents of a lump sum award payable at all events by the appellant, any unpaid balance due and unpaid at his death to constitute a charge against his estate. It is provided, however, that despite its aspect as such award, all unmatured installments save the initial sum presently payable shall be cancelled and unenforceable in the event of the death or remarriage of appellee." (Emphasis added)
See also, Sanford v. Cowan, 249 Miss. 685, 163 So.2d 682 (1964). These cases are to be compared, however, with Logue v. Logue, 234 Miss. 394, 106 So.2d 498 (1958) involving the question of whether obligations of the husband to make monthly installment payments on the indebtedness due against the house of the divorced wife continued following her remarriage. In that case the parties entered into a separation agreement the provisions of which were incorporated in the divorce decree the following day. Upon appeal we held the obligation of the husband to make such payments on this indebtedness did not terminate with the remarriage of the wife.[1]
Since Aldridge, this Court has not specifically addressed the issue of whether a provision for lump sum alimony, due and payable however in fixed installments for a definite period of time, is terminated by the death or remarriage of the divorced wife.
Despite the language of Aldridge, we think the rule in this state should be that the chancery court has discretionary authority and power to award lump sum alimony in a sum certain, or alimony in gross, as it is sometimes called, and permit *1345 the payment to be made in periodic, sum certain installments which will terminate on some future date, and having done so, these will become fixed obligations of the divorced husband, the same as any other indebtedness, and the death or remarriage of the wife will not terminate or alter the obligation to pay. This is the general law, and the law and practice we believe has been followed by the chancellors and practicing attorneys of our State. 24 Am.Jur.2d Divorce and Separation, Section 614 (1966), at pp. 735-736, states:
"Alimony in gross, or `lump-sum alimony', is fundamentally the award of a definite sum of money; and if the sum is payable in installments the payments run for a definite length of time. The sum is payable in full, regardless of future events such as the death of the husband or the remarriage of the wife. Gross alimony becomes a vested right from the date of the rendition of the judgment, and the manner of its payment in no wise affects its nature or effect. The fact that the award is payable in installments is not determinative of the question whether it is gross alimony or periodic alimony. On the other hand, alimony in general, or installment alimony, contemplates periodic payments of a definite sum for the indefinite future, and terminates on the death of either party or the remarriage of the wife."
Also, 27A CJS Divorce, Section 235, p. 1080:
"Vesting of right and finality of obligation as to gross sum. Where a decree awards an allowance in gross, the right to the amount so fixed, even though it is made payable in installments, becomes vested in the wife, and the obligation of the husband to pay it has every element of finality."
Ordinarily, in a divorce case special circumstances must exist before chancery courts award a specific lump sum as alimony. Sometimes it substitutes for a division of property, or for periodic alimony, at others to take care of some special or immediate need of the wife. Generally, however, it is thought of as a fixed and certain sum of money which is awarded the wife, the payment of which may, because of the financial condition of the husband, be spread over a period of time, but nevertheless absolutely due and payable in fixed installments. See 27 CJS Divorce Section 235, pp. 1074-1080. Whether the award is periodic alimony or lump sum can also have substantial income tax consequences for the divorced parties, payments under the former being considered income to the divorced wife, and a taxable deduction to the husband, while the latter is not. Title 26, Section 71, U.S.Code.
In this case, therefore, if the chancellor was correct in his interpretation of the decree that the provision to pay $400.00 per month for 24 months was a lump sum alimony provision, the obligation to pay did not terminate with Mrs. Wray's remarriage. If such provision was in reality alimony in the usual sense, however, the obligation to pay terminated upon her remarriage.
Our construction of the decree varies from the learned chancellor. The language of the decree indicates a different meaning, effect and legal consequence to us. The decree did not award a fixed and certain sum of money which was due and payable over a definite period of time. Had the decree awarded Mrs. Wray $9,600.00 in lump sum, due and payable, however, over a period of 24 months in fixed installments at the rate of $400.00 per month, such would have constituted a clear recognition the alimony to be in gross, or lump sum. We also hold that because lump sum alimony, or alimony in gross, as a general rule is awarded in special situations under the broad discretionary authority of the chancery court, a decree awarding alimony should be construed as providing for periodic alimony, subject to change or termination because of the future situation of the parties, unless the decree by clear and express language imports lump sum alimony, or alimony in gross. Simple draftsmanship on the part of attorneys in their preparation of divorce decrees can clearly differentiate between the two types of awards, and thereby obviate the necessity of courts having to pass upon this question.
*1346 The case is reversed and rendered, with judgment for appellant sustaining his petition to terminate alimony payments following November 1, 1979.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, and BOWLING, JJ., concur.
NOTES
[1] Logue in turn needs to be compared with East v. Collins, 194 Miss. 281, 12 So.2d 133. We held there upon remarriage husband's obligation to continue mortgage payments ceased, and wife must re-assign life insurance policy on husband (upon which he had been obligated to pay premiums under decree) back to him.