465 So.2d 1072 (1985)
Pamela Lee SHARPLIN
v.
James Michael SHARPLIN.
No. 55430.
Supreme Court of Mississippi.
March 13, 1985.
T. Frank Collins, Jackson, for appellant.
E. Michael Marks, Jackson, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
HAWKINS, Justice, for the Court.
Pamela Lee Sharplin appeals from a decree of the Chancery Court of Rankin County holding that her remarriage terminated her husband's obligation to continue monthly alimony. She argues the alimony award was a "lump sum" award and therefore her husband's obligation did not terminate upon her remarriage. We agree with the chancellor and affirm.
During the year 1982 Mrs. Sharplin separated from her husband James Michael Sharplin. She was represented by an attorney *1073 who prepared an "Agreement Respecting Child Custody and Property," which was signed by both parties October 7, 1982. Mr. Sharplin had no attorney representing him.
This agreement stated the following concerning alimony to Mrs. Sharplin:
7. Husband shall pay to Wife the sum of $100.00 per month as alimony at the rate of $50.00 on the 1st and 15th day of each and every month beginning October 15, 1982, for 36 months.
On December 14, 1982, the chancellor rendered a final decree of divorce, which stated:
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the attached property agreement is made a part of this decree as though fully copied herein and each of the parties are hereby ordered to abide by the terms thereof.
Following the divorce Mrs. Sharplin remarried on December 31, 1983. Her husband filed a petition to relieve him of alimony payments, which he had stopped, and Mrs. Sharplin filed a motion to cite him for contempt. The chancellor heard both the petition and the motion and found that Mr. Sharplin's obligation to pay Mrs. Sharplin alimony terminated upon her remarriage.

LAW
In Wray v. Wray, 394 So.2d 1341 (Miss. 1981), we examined a property settlement agreement incorporated into a divorce decree which stated the following:
a. The complainant is hereby awarded alimony in the amount of $400 per month for the next 24 months, the first payment being due on the 1st day of September, 1979. At the expiration of the aforesaid 24 months, the complainant shall be awarded alimony until her remarriage at the rate of $200 per month.
This case is controlled by Wray, in which we stated:
... We also hold that because lump sum alimony, or alimony in gross, as a general rule is awarded in special situations under the broad discretionary authority of the chancery court, a decree awarding alimony should be construed as providing for periodic alimony, subject to change or termination because of the future situation of the parties, unless the decree by clear and express language imports lump sum alimony, or alimony in gross. Simple draftsmanship on the part of attorneys in their preparation of divorce decrees can clearly differentiate between the two types of awards, and thereby obviate the necessity of courts having to pass upon this question.
Very often alimony awards are ambiguous, and it was our view in Wray that if parties wish to have the alimony payments be considered "lump sum" or "gross" alimony as opposed to periodic alimony, terminable upon the death or remarriage of the wife, they should remove the ambiguity by clear, unequivocal language. Otherwise, we will interpret the alimony as periodic.
We regret Mrs. Sharplin's attorney had not had the opportunity to read Wray before drafting the property settlement and decree in this case.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.