485 So.2d 1077 (1986)
Jerry L. MAXCY
v.
ESTATE OF Glenda Beachum MAXCY, Glenn W. Beachum, Executor.
No. 56687.
Supreme Court of Mississippi.
March 26, 1986.
Michael Malski, Carnathan, Malski & Ford, Amory, for appellant.
William M. Beasley, Mitchell, Voge, Beasley & Corban, Tupelo, for appellee.
Before PATTERSON, C.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:
This appeal presents questions concerning the effect of a fixed sum, installment payment alimony award and an extra judicial *1078 division of personal property following the death of the divorced wife. On November 3, 1982, the marriage of Jerry L. Maxcy and Glenda Beachum Maxcy was dissolved by decree which provided, inter alia, for a $16,000.00 payment by Jerry to Glenda, payable in four annual installments of $4,000.00 each, coupled with a division of personal property. Three and a half months later, on February 21, 1983, Glenda Maxcy died. Her executor has sought the $12,000.00 remaining on the above described installment obligation and to keep the personal property she took from the marriage via an extra-judicial settlement.
Our first question is whether the $16,000.00 award should be treated as lump sum alimony or periodic alimony. The chancellor's opinion in relevant part provides that
[Jerry L. Maxcy] is ordered to pay to the ... [Glenda Beachum Maxcy] a sum of Sixteen Thousand Dollars ($16,000.00), payable Four Thousand Dollars ($4,000.00) each year beginning January 1, 1983, and on each January the first thereafter until said amount is paid without interest, this constituting one-half of the assets accumulated during the marriage of the parties. [Emphasis supplied]
This language is more than adequate to render the aforesaid award one for that which has in our law become known as fixed or lump sum alimony. McKee v. McKee, 418 So.2d 764, 766 (Miss. 1982); Jenkins v. Jenkins, 278 So.2d 446, 449-50 (Miss. 1973). That such an award is payable in installments over a fixed, reasonable period of time does not deprive it of its status as lump sum alimony. Abshire v. Abshire, 459 So.2d 802 (Miss. 1984).
Without question periodic or continuing alimony, sometimes referred to as permanent alimony, terminates upon the death or remarriage of the wife. Bridges v. Bridges, 217 So.2d 281, 283 (Miss. 1968); Sides v. Pittman, 167 Miss. 751, 755, 150 So. 211 (1933). On the other hand, once the decree becomes final, lump sum alimony becomes vested in the party to whom it is awarded and is not subject to modification nor, if there be sums unpaid, does it terminate upon death or remarriage. Wray v. Wray, 394 So.2d 1341, 1345 (Miss. 1981); see also Sharplin v. Sharplin, 465 So.2d 1072 (Miss. 1985). Our question today is whether the $16,000.00 award to Glenda should be treated as lump sum alimony.
Wray describes lump sum alimony as an award which sometimes "substitutes for a division of property". 394 So.2d at 1345. When in the case at bar the chancellor described the award in question as "constituting her [Glenda's] one-half of the assets accumulated during the marriage of the parties", he brought the award within the concept of fixed or lump sum alimony as it is known in our law. Accordingly, Jerry's obligation is unaffected by the death of Glenda.
In the course of the proceedings below, a controversy arose whether Jerry's obligation to pay lump sum alimony should be accelerated, or, on the other hand, whether he could make the payments on the $4,000.00/four year schedule provided in the final decree of divorce. Although an assignment of error has been directed to the point, this issue is now moot. The first payment of $4,000.00 was in fact made on January 1, 1983. Subsequent payments became due on January 1, 1984, on January 1, 1985, and finally on January 1, 1986. Suffice it to say that all sums which have not been paid are now due and payable.
Our final issue concerns the division of personal property incident to the divorce. The final decree of divorce is less than specific. Apparently the parties entered into an extrajudicial division of personal property for the trial court was presented a stipulation listing the items of personal property that Glenda and Jerry each "took possession of". Jerry argues here that the effect of the chancellor's decree here appealed from has been to divest him of title, an act said to be beyond the chancellor's authority.
*1079 In Watts v. Watts, 466 So.2d 889 (Miss. 1985) we held that the chancellor had the authority to effect an equitable division of jointly accumulated property. However controversial this proposition may once have been with respect to a division of real property, we think it clear with respect to personal property that the chancellor has such authority. Even so, it may not be necessary to invoke that authority to resolve the issue tendered.
In the case at bar, we have an extrajudicial agreement respecting the division of personal property. There is not the slightest suggestion of fraud or overreaching with respect to that agreement. While it may be that the parties could have provided by agreement that, in the event of the death or remarriage of either, the personal property that spouse took would revert to the other, no such provision was here made. Absent such a provision, we hold that the effect of the subsequent property division was that each party took not only possession but also title and ownership to the items of personal property listed in the stipulation. In this context, the chancellor's decree did nothing more than confirm the agreement of the parties.
AFFIRMED IN PART; APPEAL DISMISSED IN PART AS MOOT.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.