# IN THE COURT OF APPEALS
# OF THE
# STATE OF MISSISSIPPI
## NO. 98-CA-00471-COA

**DONALD SCOTT MURRAY**                                                    **APPELLANT**

**v.**

**SARA BAILEY MURRAY**                                                     **APPELLEE**

DATE OF JUDGMENT:           03/09/1998
TRIAL JUDGE:                HON. PAT WISE
COURT FROM WHICH APPEALED:  HINDS COUNTY CHANCERY COURT
ATTORNEYS FOR APPELLANT:    JAMES D. BELL
                            MELISSA C. PATTERSON
                            EDUARDO ALBERTO FLECHAS
ATTORNEYS FOR APPELLEE:     LESLIE R. BROWN
                            REX FOSTER
                            MARK A. CHINN
NATURE OF THE CASE:         CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:    DENIAL OF APPELLANT'S MOTION FOR
                            MODIFICATION OF ALIMONY AND CHILD SUPPORT
                            PAYMENTS.
DISPOSITION:                AFFIRMED: 5/4/99
MOTION FOR REHEARING FILED:
CERTIORARI FILED:           7/6/99
MANDATE ISSUED:             5/25/99

BEFORE BRIDGES, P.J., COLEMAN, AND IRVING, JJ.

BRIDGES, P.J., FOR THE COURT:

¶1. Dr. Donald Scott Murray (Dr. Murray) appeals to this court from a judgment of the Chancery Court of the First Judicial District of Hinds County, Mississippi which denied his motion for modification to reduce child support and alimony payments and granted Sara Bailey Murray's (Sara) motion for attorney's fees. Aggrieved by the chancellor's ruling, Dr. Murray argues that the chancellor erred in (1) failing to reduce his

alimony and child support payments based upon his eighty percent reduction in income, (2) failing to label the alimony payments to Sara Murray as rehabilitative periodic alimony, and (3) granting attorney's fees to Sara Murray. Finding no merit to the issues raised, we affirm.

## FACTS

¶2. Dr. Murray and Sara were married on May 31, 1980, in Jackson, Hinds County, Mississippi. The parties were granted a divorce, based on irreconcilable differences, on March 28, 1994. The terms of the child custody agreement were incorporated into the final judgement and specified that Sara would have primary physical custody of their four minor children with liberal visitation rights in favor of Dr. Murray. Additionally, Dr. Murray was ordered to pay $4,000 per month in child support and $2,000 per month lump sum alimony. The judgment further ordered Dr. Murray to pay the following: one-half of the medical, doctor, and dental expenses not covered by insurance; life insurance in the amount of $350,000; private school tuition; $10,000 in lump sum alimony; and a $150,000 retirement account for Sara.

¶3. On February 13, 1996, Dr. Murray filed a complaint to modify the original judgement of divorce, and Sara counterclaimed for sanction for contempt. The chancery court determined that the lump sum alimony provision could not be modified. The court also found that there had been a substantial and material change in circumstances since the entry of the judgment of March, 1994. The chancellor noted that Dr. Murray had a reduction in income and had lost his River Oaks contract. Subsequently, the chancery court modified the child support payments to $2,736 per month.

¶4. On February 13, 1997, Dr. Murray filed a second motion for modification of the final judgment of divorce asking the court to reduce his child support and alimony payments. Sara filed a counter-motion asking the court to increase child support payments and to award attorney's fees. The chancery court determined that the alimony was lump sum alimony and cannot be modified. After reviewing additional financial information, the court also found that there was not a substantial material change in circumstances since Dr. Murray's first petition for modification in March1996. Subsequently, the chancery court also denied modification of the child support payments. Additionally, the court determined that Sara did not have the ability to pay her attorney's fees. The court therefore ordered Dr. Murray to pay part of Sara's attorneys fees in the amount of $9,000. Feeling aggrieved, Dr. Murray has filed this appeal, and Sara has requested that this Court award her double costs for having to defend a frivolous action.

## ARGUMENT AND DISCUSSION OF LAW

### I. WHETHER THE CHANCELLOR ERRED IN FAILING TO REDUCE DR. MURRAY'S ALIMONY AND CHILD SUPPORT PAYMENTS BASED UPON HIS EIGHTY PERCENT REDUCTION IN INCOME.

### II. WHETHER THE CHANCELLOR ERRED IN FAILING TO LABEL THE ALIMONY PAYMENTS TO SARA MURRAY AS REHABILITATIVE ALIMONY.

¶5. Since these issues are so closely related, we will discuss them together.

¶6. Dr. Murray appeals arguing that there has been a substantial, material change that warrants a reduction in his alimony and child support payments. Dr. Murray contends that between March 1996 and February 1997, his income declined causing his tax and support obligations to exceed his actual income. Dr. Murray argues that his reduction in income was not voluntary or in bad faith. Sara contends that Dr. Murray's

reduction in income was voluntary and did not constitute a material change in circumstances.

### Did the chancellor err by failing to label Dr. Murray's alimony payments as rehabilitative alimony and by failing to reduce those payments?

¶7. Dr. Murray argues that the alimony decree should be labeled rehabilitative alimony rather than lump sum because the provision has characteristics of both periodic and lump sum alimony. Specifically, Dr. Murray contends that the alimony provision meets the qualifications of rehabilitative alimony because it has the following characteristics: in part, it is affected by remarriage; it ends upon the death of Sara; it is tax deductible to Dr. Murray; it does not vest until it accrues; and it does not specifically state that the "husband" cannot modify the award. Dr. Murray further argues that his reduction in income is a substantial change in circumstance that warrants a reduction in his alimony payments.

¶8. The chancellor is afforded wide discretion in alimony cases, and this discretion will not be reversed on appeal unless the chancellor was manifestly in error in his finding of fact and abused his discretion. *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993). The supreme court has held that periodic alimony is subject to modification and ceases upon the wife's remarriage or upon the husband's death. *McDonald v. McDonald*, 683 So. 2d 929, 931 (Miss. 1996). Lump sum alimony, however, constitutes a fixed liability which is not subject to modification. *Id.*

> The rule of law providing for the modification of periodic alimony awards arises from the nature of alimony itself, which is based upon the inherently changing financial ability of the husband to support his wife in a manner to which she is accustomed. As a result, the Chancellors of this state have the authority to modify periodic alimony awards upon a finding of a substantial change in circumstances, regardless of any intent expressed by the parties.
>
> In the case of lump sum alimony, however, said alimony is not considered to be in the nature of continuing support, but rather a property transfer which is vested in the recipient spouse at the time said alimony is awarded. As such, considerations of the payor spouse's financial circumstances are irrelevant, given that an order for lump sum alimony provides the recipient spouse with a vested right to receive said payments. The fact that payments of lump sum alimony are often paid in installments may give said payments a superficial similarity to payments of periodic alimony, but said fact does not change the vested, non-modifiable nature thereof.

*Id.* (citations omitted).

¶9. In this case, the provision at issue reads as follows:

> The Husband agrees to pay to the Wife as a form of lump sum alimony the sum of Two Thousand Dollars ($2,000.00) per month for a period of fifteen (15) years, beginning March 1, 1994, and continuing on or about the first date of each and every month thereafter for a total of 180 months; provided further, however, that if the Wife should remarry at any time during said fifteen (15) year period of time, the Husband will then be allowed to reduce the lump sum installment payments by One Thousand Dollars ($1,000.00) per month over and during the balance of the remaining years. It is further understood and agreed by and between the parties that said payments cannot be increased and/or extended by the Wife under any circumstances, and if the Wife should die at any time within the next fifteen (15) years, said payments shall cease and terminate and shall not be payable to her

estate. It is further understood and agreed by and between the parties that said payments shall be treated as income to the Wife and shall, therefore, be deductible to the Husband for income tax purposes.

Dr. Murray argues that, although the language in the provision clearly states lump sum, this is really rehabilitative alimony. Rehabilitative alimony has been defined as modifiable, for a fixed period of time, and vesting as it accrues. *Hubbard v. Hubbard*, 656 So. 2d 124, 129 (Miss. 1995). The court in *Hubbard* also stated that "While both rehabilitative periodic alimony and lump sum alimony which is not paid all at once can share the same characteristics of being a certain amount of money paid over a definite period of time, they are distinguishable in their modifiability, respective purposes, and by the intent for which the chancellor grants them." *Id*.

¶10. The chancellor determined that this provision is lump sum alimony and quoted, "[a] fixed and certain sum of money which is due and payable over a definite period of time is clearly alimony in gross, or lump sum alimony, and not periodic alimony." *Hubbard v. Hubbard*, 656 So. 2d 124, 130 (Miss. 1995); *Holleman v. Holleman*, 527 So. 2d 90, 92 (Miss. 1988); *Wray v. Wray*, 394 So. 2d 1341, 1345 (Miss 1981). The chancellor found that the express language of the judgment provided for lump sum alimony, not periodic alimony. The chancellor further found that the alimony award followed negotiations by Dr. Murray and Sara and was incorporated into the final divorce decree specifically as lump sum alimony and therefore not modifiable. It is this Court's opinion that although there may be certain characteristics of rehabilitative alimony in this provision, the clear language of this judgement provides that the alimony is intended by the parties to be lump sum alimony, not periodic alimony or rehabilitative alimony.

¶11. In *McDonald*, the supreme court stated, "When possible, it would be advisable for parties and judges to pattern their alimony agreements and decrees for non-modifiable lump sum alimony according to established precedent of this Court." *McDonald,* 683 So. 2d at 932. "Simple draftsmanship on the part of attorneys in their preparation of divorce decrees can clearly differentiate between the two types of awards, and thereby obviate the necessity of courts having to pass upon this question." *Wray*, 394 So. 2d at 1345.

¶12. Accordingly, the chancellor is affirmed in his finding that the payments set at $2,000 per month for a fifteen year period constituted lump sum alimony and cannot be modified. The chancellor did not err by not ordering a reduction in Dr. Murray's alimony payments. Accordingly, there is no merit to this issue.

### Did the chancellor err in failing to reduce Dr. Murray's child support payments?

¶13. Dr. Murray argues that there have been substantial, material changes in his financial situation since the reduction of his child support payments in 1996 that warrant a further reduction in those payments. Specifically, Dr. Murray contends that between March 1996 and February 1997, his tax and support obligations exceeded his income. Dr. Murray further argues that after taxes, required support, and farm losses, he has nothing to live on.

¶14. In order to justify the modification of the child support provisions of a divorce decree, the moving party must show that there has been a material or substantial change in the circumstances of one of the parties. *Shipley v. Ferguson*, 638 So. 2d 1295, 1298 (Miss. 1994); *McEachern v. McEachern*, 605 So. 2d 809, 813 (Miss. 1992). The chancellor is afforded broad discretion in the modification of child support, and we will reverse "only when he is manifestly wrong in his finding of facts or has abused his discretion." *Bruce v. Bruce*, 687 So. 2d 1199, 1202 (Miss. 1996).

¶15. In this case, after reviewing Dr. Murray's additional financial information, the chancellor determined that there had not been a material change in circumstances since the first petition for modification in March 1996. The chancellor found that Dr. Murray was still a practicing member of the medical profession and that his financial situation was still solid. The chancellor also noted that just eighteen months earlier, the court had reduced Dr. Murray's payments to $2,736 per month and a further reduction was not supported by the evidence. The record shows that there is substantial evidence to support the findings made by the chancellor. After reviewing Dr. Murray's financial condition, an accountant testified that Dr. Murray's professional income decreased from $401,000 in 1994 to $112,000 in 1997. The accountant also testified that Dr. Murray sold $65,330 in assets, withdrew $30,000 from his retirement account, and has only his retirement account to pay for living expenses. The accountant noted that early withdrawal from his retirement account would require Dr. Murray to pay additional taxes. However, the record further shows after the modification in March 1996, Dr. Murray leased a Ford Explorer valued at $29,000, bought a Ford truck for $35,657, represented on an application to purchase the truck that his gross income was $200,000, and bought equipment, cattle, and horses for his farm.

¶16. After weighing all evidence, the chancellor found that there was not a substantial or material change in circumstances, and the chancery court denied Dr. Murray's petition for modification. We are satisfied that the chancellor had substantial evidence to support her findings, and the chancery court did not err by failing to reduce the child support payments. Accordingly, there is no merit to this issue.

## III. WHETHER THE CHANCELLOR ERRED IN GRANTING ATTORNEY'S FEES TO SARA MURRAY.

¶17. The award of attorney fees in a divorce case is left to the sound discretion of the chancellor, assuming he follows the appropriate guidelines. *Spalding v. Spalding*, 691 So. 2d 435, 439 (Miss. 1997). Before such fees can be awarded, as well as the amount of such fees, the court should consider "the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment of the attorney due to the acceptance of the case." *McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). Furthermore, it must be shown that the party requesting attorney's fees has no ability to pay her own attorney's fees. *Dunn v. Dunn*, 609 So. 2d 1277, 1286 (Miss. 1992). On appeal, we will not disturb the chancellor's decision regarding attorney fees, unless the chancellor abused his discretion or is manifestly wrong. *Sarver v. Sarver*, 687 So. 2d 749, 755 (Miss. 1997).

¶18. Dr. Murray argues that Sara has sufficient assets and income to pay reasonable attorney's fees. Dr. Murray contends that Sara offered no proof that she was unable to pay, and the chancellor committed manifest error by granting attorney's fees. We are reluctant to disturb a chancellor's discretionary determination whether to award attorney's fees and the amount of any award. In this case, the chancellor determined that Sara was entitled to partial attorney's fees in the amount of $9,000. The record shows that the chancellor considered the *McKee* factors by finding the amount to be reasonable and necessary based on the complexity of the case, the amount of work, and the billing activities. *McKee*, 418 So. 2d at 767. The chancellor also determined that Mrs. Murray was unable to pay attorney's fees and should not be required to withdraw money from an IRA set aside for retirement in order to pay those fees. The record also shows that Sara testified that she was unable to pay attorney's fees and could not pay those fees

without withdrawing money from her IRA account. Considering the record, we cannot say that the chancellor abused his discretion by awarding Sara partial attorney's fees. Accordingly, we find no merit to this issue.

## IV. MS. MURRAY SHOULD BE AWARDED DOUBLE COSTS FOR HAVING TO DEFEND THE FRIVOLOUS ACTION OF HAVING THE COURT CONSIDER WHETHER LUMP SUM ALIMONY MAY BE MODIFIED.

¶19. Sara argues that the chancery court in two separate orders expressed that lump sum alimony may not be modified, and Dr. Murray is attempting to harass her by asking the court to modify the alimony payments. Sara contends that this is a frivolous appeal, and she should be allowed double costs for defending this appeal as allowed under Rule 38 of the Mississippi Rules of Appellate Procedure. M.R.A.P. 38.

¶20. Sanctions are warranted under Rule 11 in the Mississippi Rules of Civil Procedure when "the pleading or motion is (1) frivolous or (2) is filed for the purpose of harassment or delay." M.R.C.P. 11(b). The Mississippi Supreme Court has held that "a pleading or motion is frivolous within the meaning of Rule 11 only when, objectively speaking, the pleader or movant has no hope of success." *Tricon Metals & Services, Inc. v. Topp*, 537 So. 2d 1331, 1335 (Miss. 1989). The Mississippi Supreme Court has also held that "'where a plaintiff has a viable claim, the complaint cannot be deemed as filed for the purpose of harassment.'" *Stringer v. Lucas*, 608 So. 2d 1351, 1359 (Miss. 1992)(quoting *Bean v. Broussard*, 587 So. 2d 908, 913 (Miss. 1991)). The fact that a case is weak does not necessarily mean that it is frivolous or filed to harass. *Nichols v. Munn*, 565 So. 2d 1132, 1137 (Miss. 1990); *Brown v. Hartford Insurance Co.*, 606 So. 2d 122,127 (Miss. 1992).

¶21. Under the facts in this case, the appellant has a viable claim concerning the type of alimony awarded in the final judgment of divorce. Although Sara contends that Dr. Murray is attempting to harass her by filing a frivolous appeal, it is the opinion of this Court that the appellant's appeal is not frivolous and the appellee should not be awarded double costs.

¶22. **THE JUDGMENT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.**