834 So.2d 54 (2002)
Randall Sawyer SMITH, Appellant
v.
Angela Beth Smith LITTLE, Appellee.
No. 2001-CA-00965-COA.
Court of Appeals of Mississippi.
December 10, 2002.
*56 John W. Christopher, Ridgeland, for appellant.
James A. Bobo, Pearl, C. Jason Womack, Brandon, for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. Dr. Randall and Angela Smith were granted an irreconcilable differences divorce after fourteen years of marriage. The couple agreed to a property settlement, alimony payments and child custody arrangements. Feeling aggrieved, Randall appeals arguing that some of the provisions outlined in the settlement agreement were in the form of periodic alimony and not in the form of lump sum alimony or the division of marital assets. Due to a series of material changes in circumstances, he argues that his payments should either be terminated or modified. Finding no error, we affirm.

FACTS
¶ 2. Dr. Randall Smith and Angela Smith were married on January 24, 1986. The couple had a son and Angela adopted Randall's daughter from his previous marriage. After the birth of their son, Angela quit her career to stay home with the children. At the time of their separation Randall's income was $18,000 per month.
¶ 3. During the marriage Randall and Angela had a waterfront home located at the Ross Barnett Reservoir in Rankin County. In February 1999, the parties separated and Randall purchased a townhouse in Brandon, Mississippi, for Angela and the two children. Angela currently *57 lives there along with the children and her current husband, Trey Little.
¶ 4. During the separation Angela began an affair with Trey Little. Randall was aware of the relationship. On November 3, 1999, the parties filed for divorce based upon irreconcilable differences. On February 14, 2000, a final decree for divorce was granted. Four days later, on February 18, 2000, Angela and Trey married. Five months later on June 22, 2000, Angela gave birth to a child. There is no dispute that Trey is the father.
¶ 5. The day after the child was born, Randall filed a "Motion To Set Aside the Judgment of Divorce," alleging that Angela had intentionally withheld information concerning her pregnancy and had thereby perpetrated a fraud upon Randall and the trial court. Randall argued that he never would have entered into the agreement had he known about the pregnancy. The trial judge dismissed the motion because Randall had failed to show by clear and convincing evidence that Angela, at the time of signing the joint complaint on November 2, 1999, knew she was pregnant.
¶ 6. On February 1, 2001, Randall filed an amended petition to modify the judgment. He now appeals the trial court's ruling on the following issues. First, he seeks to relieve his obligation to provide Angela with the Jaguar automobile and to pay her $400 per month after the termination of the lease. Second, he seeks to stop payments made on the Brandon, Mississippi townhouse. He also moves for relief of the trial court's order that he pay Angela for sixty months following the sale of the residences.

LAW AND ANALYSIS
¶ 7. Randall claims that the two provisions concerning the Jaguar automobile and the townhouse residence were in the form of periodic alimony. Due to three material changes in circumstances, Randall argues that the agreement is modifiable. These three changes in circumstances include: Randall's change in financial position, Angela's remarriage, and Angela's conception of a child by Trey prior to the divorce decree.
¶ 8. This Court's standard of review in domestic relations matters is limited. The chancellor's findings will not be disturbed unless he was "manifestly wrong, clearly erroneous, or an erroneous legal standard was applied." Thompson v. Thompson, 816 So.2d 417, 419 (¶ 7) (Miss. Ct.App.2002). "Especially on issues arising out of a divorce, the chancellor's findings will not be reversed unless manifestly wrong." Mount v. Mount, 624 So.2d 1001, 1004 (Miss.1993). As long as the chancellor's decision is supported by credible evidence then his decision will be "insulated from disturbance on appellate review." Peterson v. Peterson, 797 So.2d 876, 879(¶ 9) (Miss.2001).
¶ 9. Mississippi recognizes four different types of alimony: 1) periodic, 2) lump sum, 3) rehabilitative, and 4) reimbursement. Guy v. Guy, 736 So.2d 1042, 1046 (¶ 15) (Miss.1999); Hubbard v. Hubbard, 656 So.2d 124, 130 (Miss.1995). Periodic alimony is the traditional monthly alimony awarded on the basis of need. Id. at 129. This form of alimony generally has no fixed termination date except it automatically terminates at the death of the obligor or the remarriage of the obligee. East v. East, 493 So.2d 927, 931 (Miss.1986). Periodic alimony can also be modified or even terminated in the event of a material change of circumstances subsequent to the decree awarding alimony. Wray v. Wray, 394 So.2d 1341, 1344 (Miss. 1981). The alimony becomes vested only when the payment becomes due. Brand v. Brand, 482 So.2d 236, 237-38 (Miss.1986).
*58 ¶ 10. By way of contrast, the second type of alimony is lump sum. It is a fixed and irrevocable amount, used either as alimony or as a part of property division. Wray, 394 So.2d at 1345. It may be payable in a single lump sum or in fixed periodic installments. Creekmore v. Creekmore, 651 So.2d 513, 516 (Miss.1995). At the time of the decree, lump sum alimony is vested in the obligee and becomes an obligation of the estate of the obligor if he or she dies before payment. Maxcy v. Estate of Maxcy, 485 So.2d 1077, 1078 (Miss.1986).
¶ 11. The third and fourth types of alimony have only recently been recognized by the courts. Rehabilitative alimony, recognized in 1995, is a monthly payment that is modifiable, but has a fixed termination date, and is designed to help the recipient reenter the workforce. Hubbard, 656 So.2d at 130. The fourth type, reimbursement alimony, recognized in 1999, is available to one who has supported a spouse in obtaining training or education which carries the possibility of future earnings, but which has not yet produced substantial property for division. Guy, 736 So.2d at 1046 (¶ 15).
¶ 12. Randall's first contention concerns a leased Jaguar and the alimony payments following the termination of the lease. According to the settlement agreement, the parties agreed that Angela would get possession and use of the 1998 Jaguar XJB and that Randall was responsible for the car's payments, maintenance, upkeep and insurance. Her possession of the automobile was contingent upon whether Randall sold it, surrendered it to the lessor, or the lease's expiration in October 2001. The agreement also specified that after Randall exercised one of these options, he would pay Angela $400 per month until December 31, 2007, unless she remarried. If Angela remarried, the payments would stop December 31, 2005.
¶ 13. Over the years the court has encountered difficulties in distinguishing whether the alimony provision granted by the chancery court is one that is modifiable or vested and final. East, 493 So.2d at 932 (citing Taylor v. Taylor, 392 So.2d 1145, 1148 (Miss.1981)); McKee v. McKee, 382 So.2d 287, 288 (Miss.1980); Butler v. Hinson, 386 So.2d 716, 718 (Miss.1980); Hopkins v. Hopkins, 174 Miss. 643, 649, 165 So. 414, 416 (1936). Randall argues that the Jaguar lease provision is clearly periodic alimony and not lump sum alimony or the division of marital assets. He first contends that the provision is worded unclearly therefore inhibiting the parties from determining what type of award they had reached in the agreement. Citing Sharplin v. Sharplin, 465 So.2d 1072, 1073 (Miss.1985), Randall argues that where it is unclear as to the type of award granted, the court is to consider it periodic alimony.
¶ 14. Randall contends that the magic words "lump sum" or "periodic" must be included in the wording of the agreement. However, the Mississippi Supreme Court on numerous occasions has found alimony awards to be lump sum which did not include those words. Creekmore, 651 So.2d at 516; Bowe v. Bowe, 557 So.2d 793, 795 (Miss.1990); Maxcy, 485 So.2d at 1078. The court looks to the substance of the provisions and, as long as reasonable clarity is achieved, the court will not broadly assume the provision to be only periodic alimony. Maxcy, 485 So.2d at 1078.
¶ 15. In East, 493 So.2d at 932, the Mississippi Supreme Court was asked to declare that a similar payment provision in a settlement agreement was modifiable. Although never mentioned in the agreement, the Court held that the award was in the form of lump sum alimony. Id. The court stated that where the agreement *59 addressed that the payments would not terminate upon either his death or her remarriage then the intent of the parties was for this provision to be a lump sum award. Id. Similarly, the Jaguar provision states that once Randall exercises one of his three options of selling the car, turning it back in to the lessor, or allowing the lease to expire, he will be required to pay Angela $400 per month until December 31, 2005, or extended until December 31, 2007, if she is not married. Therefore, the provision establishes that the payments will continue for a set period of time even if Angela remarries.
¶ 16. Randall next contends that the provision entitled "Miscellaneous" within the agreement does not apply to the Jaguar provision. The paragraph reads: "Unless otherwise denoted all division and transfer of property and all payments made as a result of this Agreement are to be considered a division of marital assets and not as alimony payments." He argues that this provision does not apply because it pertains only to marital assets, and he contends that a lease is not an asset. This is clearly incorrect. The rights of possession, use and the right in most vehicle leases to purchase the item at the end of the lease term are all valuable assets associated with a lease. It is clear that the chancellor was within his discretion in determining the payment to Angela was the division of marital assets and therefore not modifiable.
¶ 17. The second provision concerns Randall and Angela's agreement to the division of their real property. In the settlement agreement, the parties contracted to continue to jointly own the two residences located in Rankin County, Mississippi: the former marital home located and the townhouse. Randall asserts that the real property provision is either in the form of periodic alimony or periodic rehabilitative alimony and therefore should have been terminated upon Angela's marriage to Trey. He argues that it is inequitable to require him to pay for a residence to be used by Angela and her present husband and their child.
¶ 18. The parties agreed to place both properties on the market for sale and divide the proceeds. Upon the sale of the marital residence, Angela would receive half of the sale price plus an extra $30,000. The parties agreed that they would not sell the marital residence for less than $425,000. Randall agreed to make all payments associated with the properties. The parties agreed that in conjunction with the sale of both of the homes that Angela would be paid an additional $69,000 over a sixty month period. The parties also provided for Angela to be compensated if the townhouse sold first as Randall would then pay Angela $500 per month until the marital residence sold.
¶ 19. The issue pertaining to the division of real property in this case is addressed in Logue v. Logue, 234 Miss. 394, 106 So.2d 498 (1958). In Logue, the parties filed a separation agreement which entitled the wife to the marital home. Id. at 396, 106 So.2d at 499. The husband agreed to assume the $78 monthly note on the home. Id. at 398, 106 So.2d at 499. After the couple's divorce, the wife remarried and the husband stopped the mortgage payments. Id. at 399, 106 So.2d at 500. The agreement provided no provision for termination upon the wife remarrying. Id. at 400, 106 So.2d at 500. The Mississippi Supreme Court held that the provision was in the form of an agreement to equalize the property settlement between the parties and therefore was unmodifiable. Id.
¶ 20. Historically the courts have recognized that parties may upon dissolution of their marriage have a property settlement *60 incorporated in the divorce decree. East, 493 So.2d at 931. These agreements are contractual in nature and are not subject to modification. Barton v. Barton, 790 So.2d 169, 172 (¶ 10) (Miss.2001). "A true and genuine property settlement agreement is no different from any other contract, and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character." Wells v. Wells, 800 So.2d 1239, 1242 (¶ 5) (Miss.Ct.App.2001). In Stone v. Stone, 385 So.2d 610, 612 (Miss. 1980), the court held that a property settlement agreement may have modifiable and nonmodifiable provisions. The court noted the difference between provisions concerning child and spousal support and those provisions pertaining to the conveyance, maintenance, and occupancy of land. Id. The former is modifiable but the latter is not. Id.
¶ 21. In Randall and Angela's real property agreement, instead of providing for a one time payment or the immediate liquidation and division of proceeds, the agreement provides for the orderly liquidation of the marital assets over time. It gives Randall the opportunity to pay the fixed and certain cost of the property division over time. Angela comes away from a fourteen year marriage with half the equity in two mortgaged and improved parcels of real estate and payments totaling $119,000 with these payments being expressly connected to the disposition of specific items of real estate.
¶ 22. Randall next argues that the provision is ambiguous due to its concluding sentence:
This is a lump sum marital settlement between the parties and is intended as readjustment support for the wife and is not subject to modification by this Court and this agreement is not and shall not be dischargeable under the Bankruptcy Act, as same were incurred for the marital expenses incurred by the parties for their marital benefit.
He contends that the phrase "readjustment support for the wife" makes the award nothing more than periodic rehabilitative alimony which is subject to modification. He again cites to Sharplin, 465 So.2d at 1073, which states that where the wording of an award is unclear, the chancellor must consider it to be in the form of periodic alimony. However, as discussed earlier, in determining what type of award has been granted the Court must look past labels and into the substance of the agreement. Maxcy, 485 So.2d at 1078.
¶ 23. Randall's argument that the provision is ambiguous does not show the chancellor was manifestly wrong in determining the award was a division of marital assets. Other than the word "readjustment," all other indicators point to the award being in the form of lump sum alimony or the division of marital assets. The provision states it is nonmodifiable and is terminable at a given date. It also states that the award is to be considered a "lump sum marital settlement." "Absent fraud or a contractual provision stating otherwise, neither a property settlement nor lump sum alimony may be modified." Norton v. Norton, 742 So.2d 126, 129 (¶ 12) (Miss.1999). Therefore, the chancellor was not in error in determining the provision to be the division of marital assets.
¶ 24. The chancellor's findings were not manifestly wrong nor were the findings clearly erroneous. The chancellor did not apply an erroneous legal standard. Therefore, we affirm.
¶ 25. THE JUDGMENT OF THE RANKIN COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT. *61 McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.