904 So.2d 1183 (2004)
Ellis MANN, Appellant,
v.
Pamela MANN, Appellee.
No. 2003-CA-02115-COA.
Court of Appeals of Mississippi.
November 2, 2004.
Ellis Mann (Pro Se), attorney for appellant.
Nathan S. Farmer, Picayune, attorney for appellee.
EN BANC.
IRVING, J., for the Court.
¶ 1. Ellis Mann appeals from a final judgment of divorce that was granted by the Chancery Court of Pearl River County to Pamela Mann, whereby the court awarded custody of the parties' daughter to Leon and Maxine Smith, the child's maternal great-grandparents. Feeling aggrieved by this decision, Ellis appeals and brings forth the following issue: whether the chancery court erred in failing to award custody of his daughter to him, as father of the child, instead of to the child's maternal great-grandparents.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. Ellis Mann and Pamela Roberts Mann were married on or about July 19, 1999, in Pearl River County, Mississippi. One child, Jessica, was born on May 22, 2000, as a result of this marriage. The couple became separated on or around September of 1999 and ceased to live together as husband and wife thereafter.
¶ 4. On November 29, 1999, Ellis and Pamela brought forth a joint complaint before the Chancery Court of Pearl River *1184 County, seeking a divorce on the grounds of irreconcilable differences. The court granted the parties a divorce on September 18, 2000, which ratified and incorporated the property settlement agreement attached to the joint complaint. At all times during the initial divorce proceedings, Ellis and Pamela misrepresented jointly to the chancellor that no children were born unto the parties' marriage. In fact, their minor child had been in Pamela's care since the child's birth.[1]
¶ 5. Apparently, sometime after the initial divorce was granted, Pamela filed a motion for emergency relief in which she alleged, among other things, that Ellis removed the child from her custody and left the state of Mississippi. In the motion, she sought, among things, a cancellation and setting aside of the judgment of divorce granted on September 18, 2000, and custody of their minor child. On the same day, the court entered an ex parte order granting Pamela temporary physical custody of the parties' daughter. The matter was set for hearing on January 22, 2001, although it was continued until Ellis could be located.
¶ 6. Ellis was subsequently located with the child in Ohio where he was incarcerated on charges of kidnapping his daughter. The child was shortly thereafter returned to Pamela in Mississippi, and Ellis was eventually released from incarceration.
¶ 7. The initial judgment of divorce was eventually set aside on December 18, 2001, nunc pro tunc for June 5, 2001, the date of the hearing. In addition to setting aside the initial judgment of divorce, the chancellor granted the sole physical care, custody, and control of the parties' daughter to the child's maternal great-grandparents until further order of the court.
¶ 8. Apparently Pamela subsequently filed an amended combined complaint for divorce and motion for temporary relief.[2] On August 7, 2003, the court held a hearing to consider the amended complaint for divorce. Ellis did not appear at the proceeding although the court's order found that the court had personal jurisdiction over both parties.
¶ 9. The chancellor granted Pamela a divorce on the ground of habitual cruel and inhuman treatment. He further found that neither Ellis nor Pamela was capable or fit to take care of their daughter and awarded the permanent physical custody of the parties' daughter to the child's maternal great-grandparents. Both Pamela and Ellis were given visitation rights.
¶ 10. Ellis filed a motion to reconsider; however, the chancellor denied that motion, resulting in this appeal.

ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 11. "The standard of review in child custody cases is quite limited. A chancellor must be manifestly wrong, clearly erroneous, or apply an erroneous legal standard in order for [ an appellate court] to reverse. [F]indings of fact made *1185 by a chancellor may not be set aside or disturbed upon appeal if they are supported by substantial, credible evidence." Johnson v. Gray, 859 So.2d 1006, 1012 (¶ 31-32) (Miss.2003) (citations omitted).
¶ 12. Ellis Mann argues that the chancery court erred when it found that he was unfit to take care of his daughter. Accusing the chancery court of bias against him, he explains that no evidence supports the court's finding of his unfitness. Ellis also makes several additional accusations against the chancellor and about the proceedings below. However, we need not address any of them because he has failed to provide us a transcript of the proceedings or cite any relevant authority for his positions other than Mississippi Code Annotated section 11-51-1[3] and Canon 3 of the Code of Judicial Conduct[4]. However, we note that neither authority is relevant as to whether the chancery judge erred in failing to award Ellis custody of his daughter. Our supreme court has stated that a "[f]ailure to cite relevant authority obviates the appellate court's obligation to review such issues." Byrom v. State, 863 So.2d 836, 853(¶ 35) (Miss.2003). Consequently, the issue which Ellis raises is not properly before this Court and is procedurally barred from our consideration.
¶ 13. Moreover, as previously observed, Ellis has failed to include the transcript of the chancery court divorce proceedings which granted custody of his daughter to the maternal great-grandparents. "Our law is clear that an appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." Id. "The appellant has the duty of insuring that the record contains sufficient evidence to support his assignments of error on appeal." Oakwood Homes Corp. v. Randall, 824 So.2d 1292, 1293(¶ 4) (Miss.2002). "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Id. Because Ellis has failed to place the necessary record pertaining to his assignment of error before us, we are unable to consider his assignment of error. We therefore cannot find that the chancery court was clearly erroneous in its judgment.
¶ 14. THE JUDGMENT OF THE CHANCERY COURT OF PEARL RIVER COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.
NOTES
[1] The record before us does not contain a transcript of the proceedings in the court below. In fact, the entire record on appeal consists of one volume containing only seventeen pages. The appellant, designated only one document, a temporary order awarding custody of the parties' minor child to the maternal great-grandparents. Consequently, the brief facts which are related in this opinion are taken from this document, along with a file-stamped, signed copy of the judgment setting aside the first judgment of divorce and a file-stamped, signed copy of the final judgment of divorce. These latter two documents are included in what purports to be the record excerpts although no document was filed in this case bearing such denomination.
[2] The record does not contain a copy of this document.
[3] Mississippi Code Annotated section 11-51-1, which related to appeals to the supreme court, was repealed in 1991.
[4] Canon 3 of the Code of Judicial Conduct addresses a judge's obligation to perform the duties of the judicial office impartially and diligently.