912 So.2d 184 (2005)
June EVANS, Appellant
v.
Steven EVANS, Appellee.
No. 2004-CA-01077-COA.
Court of Appeals of Mississippi.
October 4, 2005.
*186 A. Malcolm N. Murphy, Lucedale, attorney for appellant.
James R. Hayden, Hattiesburg, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. This is a divorce case originating in Stone County. Steven and June Evans were married on July 17, 1987. During the marriage the couple had two children, Suzanne and Steven, born in 1997 and 1998, respectively. The parties separated and filed for divorce on June 14, 2000. Steven sought a divorce on the grounds of habitual cruel and inhuman treatment, or, in the alternative, irreconcilable differences. June filed a counterclaim asserting the same grounds with adultery as a further ground for divorce. June also sought distribution of the couple's real and personal properties, possession and use of the family home, and payment of child support and alimony. June also sought one-half of Steven's retirement account.
¶ 2. At a hearing on May 7, 2001, Steven admitted his adultery, and the parties agreed to settle all issues concerning the divorce except responsibility for certain credit card debt, payment of attorney's fees, payment of alimony, and the payment of certain club membership dues. As part of the settlement, Steven was ordered to purchase June a home of her choice for $129,000 and convey title to her in fee simple. In exchange, June was ordered to deed Steven her interest in the marital home. The parties had equally divided the contents of the marital home prior to the May hearing. The parties agreed that Steven was to pay 20% of his adjusted gross income as child support. Steven agreed to maintain health and dental insurance on the children, and the parties were to divide the deductible between them, with Steven paying all uncovered expenses. Steven was to pay college tuition expenses for the children at a State-supported school, so long as they maintained a "C" average. Each party was to claim one child for income tax purposes. Steven was also ordered to pay for the 1999 Ford Expedition June was driving, and he was ordered to give June the title to the vehicle.
¶ 3. The court required the parties to submit accurate financial data for a hearing on December 11, 2002, at which time the parties tried the remaining issues of alimony, attorney's fees, and credit card debt. At the hearing the parties informed the chancellor that they had resolved the issue of the membership dues, thus the chancellor did not dispose of this issue.
¶ 4. After accepting financial data from the parties and taking the matter under advisement, the chancellor granted June $300 per month in periodic alimony and ordered that Steven pay the remaining balances on the credit cards excluding purchases made after December 2001. The remaining purchases were to be paid by June. The chancellor further found that neither party had sufficient disposable income to pay each other's attorney's fees.
¶ 5. June now appeals to this Court, asserting the following issues: (1) the trial court erred in fixing alimony as periodic and not permanent, and failing to include a one-half interest in an IRA and money retained in the trucking company as part of alimony; and (2) the trial court erred in not awarding June attorney's fees. Finding no error, we affirm.

STANDARD OF REVIEW
¶ 6. "[T]his Court will not disturb the findings of a chancellor unless the *187 chancellor was manifestly wrong, clearly erroneous or an erroneous legal standard was applied." Anderson v. Anderson, 692 So.2d 65, 70 (Miss.1997). A chancellor has broad discretion in awarding attorney's fees, and absent a showing of manifest error we will not reverse the chancellor's decision. Walters v. Walters, 383 So.2d 827, 828 (Miss.1980).

DISCUSSION

I. DID THE TRIAL COURT ERR IN FIXING ALIMONY AS PERIODIC AND NOT PERMANENT, AND FAILING TO INCLUDE ONE-HALF INTEREST IN AN IRA AND IN MONEY RETAINED BY THE TRUCKING COMPANY?
¶ 7. June argues that the chancellor erred in failing to award her one-half of Steven's Individual Retirement Account (IRA) and one-half of the funds retained by the trucking company in which Steven owned an interest. June also contends that the alimony award should have been permanent alimony and not periodic alimony. June states this is an especially unjust result, since Steven was not truthful in one of the financial disclosures he submitted to the court and since Steven confessed to committing adultery during the marriage. June relies on Hemsley v. Hemsley, 639 So.2d 909 (Miss.1994), to argue that "June was wrongfully denied her share of the IRA or the money in the trucking company."
¶ 8. From the record before this Court, it is clear that the parties specifically reserved the issue of alimony for the trial court's resolution. The implication of such a specific reservation is that there was no marital property remaining to be divided. Indeed, in the judgment of divorce, the chancellor opined, "[a]s the parties were able to agree as to how to divide the marital property, the [c]ourt will first address the issue of alimony." In representing to the chancellor that alimony, credit card debt, and attorney's fees were the sole issues remaining, June waived her opportunity to argue that the IRA and the share of the trucking company were marital property subject to equitable distribution. It is a fundamental rule of law in Mississippi that this Court does not review matters on appeal that were not first raised at the trial level. Shaw v. Shaw, 603 So.2d 287, 292 (Miss.1992).
¶ 9. Like the chancellor, we commence our analysis with the issue of alimony. Pursuant to Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993), the chancellor is to consider the following factors in arriving at findings and entering a judgment for alimony: (1) the parties' income and expenses; (2) the parties' health and earning capacities; (3) the needs of each party; (4) the obligations and assets of each party; (5) the duration of the marriage; (6) the presence or absence of minor children in the home, which may require that one or both of the parties either pay, or personally provide, child care; (7) the age of the parties; (8) the parties' respective standards of living, both during the marriage and at the time of the support determination; (9) tax consequences of the spousal support order; (10) fault or misconduct; (11) wasteful dissipation of assets by either party; or (12) any other factor deemed by the court to be "just and equitable" in connection with setting spousal support.
¶ 10. In his fourteen page judgment the chancellor properly and thoroughly considered these factors in finding that June was entitled to alimony in the amount of $300 per month. This award is in addition to the home that the court ordered Steven to purchase for June, which was valued at $129,000. The chancellor *188 considered the assets of both parties, including Steven's interest in the trucking company and Steven's IRA, as well as the other Armstrong factors, but in his discretion the chancellor chose to award June $300 per month in alimony. We find no manifest error here.
¶ 11. June also contends that the chancellor erred in failing to give her one-half of Steven's IRA; however, the chancellor was under no obligation to equally divide the property of the parties. Armstrong, 618 So.2d at 1282. This argument is without merit.
¶ 12. June asserts that the judge should have awarded "permanent periodic alimony" and not periodic alimony. Mississippi recognizes four types of alimony: periodic, lump sum, rehabilitative, and reimbursement. Smith v. Little, 834 So.2d 54, 57 (¶ 9) (Miss.Ct.App.2002). Periodic alimony has no fixed termination date, but it will terminate when the obligor dies or the obligee remarries. Id. (Citing East v. East, 493 So.2d 927, 931 (Miss.1986)). The chancellor did not grant June a time-limited award such as lump-sum or rehabilitative alimony. Furthermore, June does not support her assertion that the chancellor erred in granting her periodic alimony. It is long standing law in Mississippi that failure to cite relevant authority in support of an issue obviates the appellate court's obligation to review the issue. Mann v. Mann, 904 So.2d 1183, 1185 (¶ 12) (Miss.Ct.App.2004). Because June has failed to support her assertion that the chancellor erred in granting her periodic alimony, we decline to review this issue on appeal.

II. DID THE LOWER COURT ERR IN NOT AWARDING JUNE ATTORNEY'S FEES?
¶ 13. "Generally, the award of attorney's fees in a divorce case is left to the discretion of the trial court." Cheatham v. Cheatham, 537 So.2d 435, 440 (Miss.1988). A chancellor must consider the following factors in making an award of attorney's fees: the relative financial ability of the parties, the skill and standing of the attorney involved, the nature of the case and the complexity of the issues presented, as well as the degree of responsibility involved in the management of the cause, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to the acceptance of the case. McKee v. McKee, 418 So.2d 764, 767 (Miss.1982). The appropriate attorney's fees should be sufficient to secure the services of one competent attorney. Id. (citing Rees v. Rees, 188 Miss. 256, 194 So. 750 (1940)).
¶ 14. In the case sub judice, the chancellor examined the financial records submitted by both parties and denied the award of attorney's fees because neither Steven nor June would be able to pay the other party's attorney's fees. We find no abuse of discretion here. This issue lacks merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF STONE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.