775 So.2d 741 (2000)
Richard W. EAST, Jr., Appellant,
v.
Cynthia D. EAST, Appellee.
Nos. 1999-CA-00543-COA, 1999-CA-01193-COA.
Court of Appeals of Mississippi.
June 13, 2000.
Rehearing Denied August 29, 2000.
*743 Edwin L. Bean, Jr., McComb, Attorney for Appellant.
Gary L. Honea, Magnolia, Attorney for Appellee.
BEFORE KING, P.J., PAYNE, AND THOMAS, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE AND ISSUES PRESENTED
¶ 1. This case is before the Court on appeal from the judgment of the Amite County Chancery Court awarding Cynthia (Cindy) East a divorce from Richard East on the grounds of adultery and awarding custody of the minor child to Cindy. Aggrieved, Richard perfected this appeal raising the following issues for our consideration
I. WHETHER THE CHANCELLOR'S PROPERTY DIVISION WAS GROSSLY AND DISPROPORTIONALLY IN FAVOR OF CINDY, AND DID NOT CONSTITUTE AN EQUITABLE DIVISION OF MARITAL PROPERTY GIVEN THE FACTS OF THE CASE.
II. WHETHER THE CHANCELLOR ERRED IN ITS ALIMONY AWARD TO CINDY AS THE SAME WAS UNWARRANTED, AND IF SO, EXCESSIVE.
III. WHETHER THE CHANCELLOR'S AWARD OF ATTORNEY'S FEES TO CINDY WAS ERRONEOUS IN THAT CINDY HAD ADEQUATE FUNDS WITH WHICH TO PAY HER ATTORNEY'S FEES.
IV. WHETHER THE CHANCELLOR'S COMMUNICATION WITH A MATERIAL WITNESS THE NIGHT BEFORE THE TRIAL AND RELEASE OF THE WITNESS FROM ATTENDANCE AT THE TRIAL THE NEXT DAY CONSTITUTES ERROR.

FACTS
¶ 2. Richard and Cindy were married August 31, 1968, and finally separated on September 8, 1998. The union produced four children, one of whom remained at home and was unemancipated at the time *744 of the divorce. Cindy was awarded custody of the minor child. Richard was ordered to pay $490 per month in child support and all of the minor's educational expenses.
¶ 3. Richard was ordered to pay $10,000 cash to Cindy for an automobile or secure her a mutually agreeable mode of transportation, $21,500 lump sum alimony to Cindy which represented Richard's equity in the marital dwelling and a portable metal building, thus giving Cindy the entire equity in the marital dwelling and the portable metal building, a total of $43,000. Cindy was awarded periodic alimony in the amount of $1,300 per month from Richard. Cindy was also awarded attorney's fees in the amount of $5,885.50. Richard was awarded the whole of his retirement account, certain jewelry and one firearm. Feeling aggrieved of the chancellor's judgment, Richard now appeals.

DISCUSSION AND ANALYSIS

Standard of Review
¶ 4. The standard of review employed by this Court in domestic relations cases is abundantly clear. Chancellors are vested with broad discretion, and this Court will not disturb the chancellor's findings unless the court's actions were manifestly wrong, the court abused its discretion, or the court applied an erroneous legal standard. Andrews v. Williams, 723 So.2d 1175 (¶ 7) (Miss.Ct.App.1998). Further,
The question of attorney's fees in a divorce action is a matter largely entrusted to the sound discretion of the trial court. "If a party is financially able to pay her attorney, an award of attorney's fees is not appropriate." The criteria to be utilized in determining attorney's fees are found in McKee v. McKee, 418 So.2d 764 (Miss.1982).
Watson v. Watson, 724 So.2d 350 (¶ 29) (Miss.1998).
¶ 5. In light of our limited standard of review, we find no merit in Richard's assignments of error. While we find Richard's claims are meritless, as we explain below, the trial court misidentified certain parts of the award to Cindy. Nonetheless, we affirm the chancellor's decision.

I. WHETHER THE CHANCELLOR'S PROPERTY DIVISION WAS GROSSLY AND DISPROPORTIONALLY IN FAVOR OF CINDY, AND DID NOT CONSTITUTE AN EQUITABLE DIVISION OF MARITAL PROPERTY GIVEN THE FACTS OF THE CASE.
¶ 6. Richard's first assignment of error challenges the chancellor's division of the marital property. Of course, it is well-settled that chancellors have the authority to order an equitable division of marital property accumulated through the joint efforts of the parties and the individual contributions of the parties to the marriage. Johnston v. Johnston, 722 So.2d 453 (¶ 28) (Miss.1998). Furthermore, the chancellor's findings regarding equitable division of marital property are subject to our traditional, limited standard of review. Id. "In the case of property settlement and lump sum alimony, the court's decision must hinge on the value of the marital estate, or the spouses' separate estates." Heigle v. Heigle, 654 So.2d 895, 898 (Miss. 1995) (citing Ferguson v. Ferguson, 639 So.2d 921, 928-29 (Miss.1994)). Thus, our law requires that the first question to be determined is that of the value of the marital estate, then equitable distribution of that estate, followed by an award of alimony, if warranted.
¶ 7. Richard maintains that there was an inequitable distribution of the marital assets. On its face, the chancellor's order may appear inequitable. However, a careful consideration reveals that the chancellor achieved an equitable distribution of the marital estate. Richard was awarded a total of $6,650 in personal property which consisted of several items of jewelry and a gun, plus his full retirement account, clearly a marital asset, but with no assessed *745 present value. Cindy was awarded lump sum alimony of $21,500, representing Richard's equity in the marital home and a portable metal building, all of which was non-liquid in nature and encumbered by a significant monthly mortgage. Also, the chancellor determined that Cindy needed a reliable mode of transportation for which he ordered $10,000 cash to be provided to Cindy by Richard. Richard was also ordered to pay periodic alimony in the sum of $1,300 per month. Richard was further ordered to maintain a life insurance policy with Cindy as the sole beneficiary.
¶ 8. The record indicates that prior to the chancellor's ruling, Richard and Cindy had compromised on distribution of certain other marital assets which both agreed was considered an equal division. They agreed that Richard's motorcycle and two trucks equaled household furniture and one old, high milage automobile that had been wrecked. We are only given dollar values regarding the $43,000 versus $6,650 discrepancy. However, no specific value was stated for the retirement account which Richard was awarded solely. The record does show that beginning at age 65, Richard will receive $364 a month for the rest of his life. Richard's retirement was plainly a marital asset. See Hemsley v. Hemsley, 639 So.2d 909, 914 (Miss.1994). Cindy has no retirement security. The chancellor had all the financial information, as well as testimony of both parties, before him on which to make an equitable division of property.
¶ 9. Though he failed to label his findings as such, the chancellor did conduct a Ferguson analysis of Richard's and Cindy's postures in the marriage. The chancellor considered the parties' relative ages, earning capacities, educational backgrounds, health, and contributions to the estate, among other factors. Ferguson v. Ferguson, 639 So.2d 921, 928 (Miss.1994); Lindsey v. Lindsey, 749 So.2d 77 (¶ 3) (Miss.1999). The $21,500 equity transfer from Richard to Cindy in the marital home and portable metal building was labeled lump-sum alimony, yet, in effect, it is a portion of the chancellor's equitable distribution of the estate. Thus, the chancellor's label of the home equity as lump sum alimony was incorrect, and we now correct this error by affixing the correct label equitable distribution of the estate. The supreme court in Devore v. Devore, 725 So.2d 193 (¶ 28) (Miss.1998), made a similar yet converse change in finding that an amount improperly labeled "equitable distribution" was in fact "lump sum alimony" and affirmed the chancellor's ruling.
¶ 10. Noting the chancellor's consideration of the Ferguson factors with regard to the portion of property subject to this litigation, the acknowledgment of the parties' stipulation that prior distributions of personal property were considered to have been equal in value, the fact that the chancellor left Richard his entire retirement account, and the reality of Cindy's inability to maintain full-time employment and her lack of any retirement security, we find the chancellor's division of property was consistent with the dictates of Ferguson. The chancellor did not misapply the law nor abuse his discretion. We decline to disturb his findings.

II. THE CHANCELLOR ERRED IN ITS ALIMONY AWARD TO CINDY AS THE SAME WAS UNWARRANTED, AND IF SO, EXCESSIVE.
¶ 11. Richard cites the Armstrong factors in support of his contention that the chancellor erred in awarding alimony to Cindy. The factors set forth in Armstrong v. Armstrong, 618 So.2d 1278 (Miss.1993), to consider in awarding alimony are as follows:
1. Income and expenses of the parties;
2. Health and earning capacity of the parties;
3. Needs of each party;
4. Obligations and assets of each party;
5. Length of the marriage;

*746 6. Presence or absence of minor children in the home;
7. Age of the parties;
8. Standard of living of the parties both during the marriage and at the time of the support determination;
9. Tax consequences of the spousal support order;
10. Fault or misconduct;
11. Wasteful dissipation of assets by either party;
12. Any other factor deemed by the court to be "just and equitable" in connection with the setting of spousal support.
Ethridge v. Ethridge, 648 So.2d 1143, 1146 (Miss.1995) (citing Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993)). Here again, without saying so, the chancellor considered these factors in the fourteenth point of his opinion letter.
¶ 12. Specifically, the chancellor noted Richard's past work history and his ability to earn a fair income, while Cindy suffered from substantial emotional and psychological problems that prevented her from maintaining a full-time job to support herself. These facts taken with the other Armstrong factors led the chancellor to award Cindy $1,300 per month in periodic alimony. Only when the award is unjust, oppressive, or reflects an abuse of discretion by the chancellor will we find cause to interfere with an award of alimony. Monroe v. Monroe, 745 So.2d 249 (¶ 13) (Miss. 1999).
¶ 13. In Exhibit A, Richard provided his gross monthly income of $3,941. Despite Richard's assertions, the chancellor found that Richard's adjusted gross income was only $3,500. Richard was ordered to pay Cindy child support in the amount of $490 per month plus educational expenses for the child that Richard estimates in his brief to be $310 per month. Again, Richard was ordered to pay Cindy periodic monthly alimony in the amount of $1,300 per month. Richard also lists medical insurance, the $10,000 in transportation provision to Cindy and Cindy's attorney's fees as alimony. Richard testified that he receives free health and dental insurance through his employment with no premiums. The $10,000 for Cindy's transportation is not a recurring expenditure as it was required to be discharged shortly after the order of divorce was entered. Though the chancellor did not affix a label to the $10,000 award, we find that the award amounts to lump sum alimony, and thus not a recurring expense. Finally, Richard lists Cindy's attorney's fees as part of her alimony award. It is true that the totality of the chancellor's awards to a party on divorce are considered by this Court in determining the fairness of the total award. Brooks v. Brooks, 652 So.2d 1113, 1121 (Miss.1995). However, an award of attorney's fees cannot be considered a part of alimony obligations.
¶ 14. In Exhibit A-1, Cindy reports net monthly income of $1,400 and monthly expenses of $2,255.95. Richard was gainfully employed at the time of the divorce and hearing and Cindy, due to a long history of health problems, was unable to maintain full-time employment. While Richard anticipated being sporadically employed due to uncertainty about the future of his trade as well as anticipated temporary medical disability for hand surgery, none of this was certain at the time of the hearing, and the chancellor acted on the status of the parties as they stood before him.
¶ 15. We fail to see that this alimony award was unjustly oppressive to Richard or that it was awarded as an abusive exercise of the chancellor's discretion. Accordingly, we decline to disturb his findings in this regard.

III. THE CHANCELLOR'S AWARD OF ATTORNEY'S FEES TO CINDY WAS ERRONEOUS IN THAT CINDY HAD ADEQUATE FUNDS WITH WHICH TO PAY HER ATTORNEY'S FEES.
*747 ¶ 16. Richard argues the chancellor's award of attorney's fees to Cindy was unjustified since the chancellor gave Cindy all the equity in the marital domicile and awarded an "excessive" alimony award to her. Cindy testified she was unable to work, and the chancellor found the same, though he did not rule out the possibility that Cindy could find a part-time job. On direct examination, Cindy testified she had no money to pay an attorney and that she had borrowed $1,000 previously to pay her attorney. The facts show that Cindy is left with no immediately liquid assets. Richard suggests that Cindy can use the equity in the marital home to secure funds to pay the attorney's fees; however, interestingly, Richard admitted on the record that he felt obliged to pay Cindy's attorney's fees when questioned on the subject by Cindy's attorney:
By Mr. Hoena: Does your wife have any money to pay a lawyer with, sir, that you know of?
By Richard: I don't know that, but I know we would have if she had not squandered it. And I think your records will indicate, if you look at her checks, she throws away four grand a month.
By Mr. Hoena: You wouldn't mind paying your wife's attorney's fees to me; would you, sir?
By Richard: Personally I'm a little bitter about it, but I think I'm obligated to do that.

(emphasis added)
As this Court has held, where the only liquid asset is the alimony award and the party seeking fees has otherwise demonstrated an inability to pay the fees, a reasonable award is appropriate, providing the McKee factors, regarding inability to pay, the skill of the attorney, the nature and novelty of the case, usual fees for similar cases of a similar character, are satisfied, then an award of attorney's fees is appropriate. Bullock v. Bullock, 733 So.2d 292 (¶ 57) (Miss.Ct.App.1998). Since Cindy's only liquid asset is her alimony award, and Richard's admitted feeling of obligation to pay these fees, plus the itemized fee bill submitted by Cindy's attorney, we find the chancellor did not abuse his discretion in awarding attorney's fees to Cindy since she had no funds with which to pay her attorney.

IV. THE CHANCELLOR'S COMMUNICATION WITH A MATERIAL WITNESS THE NIGHT BEFORE THE TRIAL AND RELEASE OF THE WITNESS FROM ATTENDANCE AT THE TRIAL THE NEXT DAY CONSTITUTES ERROR.
¶ 17. With this final issue, Richard claims the chancellor communicated ex parte with witness John Roberts the night before the trial. Citing Mississippi Code of Judicial Conduct, Richard claims the chancellor erred in not disclosing such communication to the parties. The purpose of Roberts's call to the chancellor was to inquire as to whether or not he need appear, since he had not received payment for mileage and his witness fee, to which the chancellor replied that he was not required to appear. However, Roberts told the chancellor that Roberts would be at his place of business if needed. The chancellor responded that Roberts would be called if he were indeed needed as a witness. Mississippi Rule of Civil Procedure 45(c) states, "Except when excused by the court upon a showing of indigence, the party causing the subpoena to issue shall tender to a non-party witness at the time of service the fee for one day's attendance plus mileage allowed by law." Since Roberts did not receive such payment, the subpoena had not been properly served by law. There was no impropriety here as the judge disclosed such communication to each party on the morning of the trial prior to any testimony's being taken. This assignment of error is overruled.
*748 ¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF AMITE COUNTY IS AFFIRMED AS MODIFIED HEREIN. ALL COSTS OF THIS APPEAL ARE TAXED TO APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, MOORE, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT WRITTEN OPINION.