856 So.2d 736 (2003)
Mary M. DEEN, Appellant,
v.
Charles DEEN, Appellee.
No. 2002-CA-00198-COA.
Court of Appeals of Mississippi.
October 14, 2003.
*737 Oby Thomas Rogers, Collins, attorney for appellant.
Deborah J. Gambrell, Hattiesburg, attorney for appellee.
Before KING, P.J., BRIDGES and LEE, JJ.
KING, P.J., for the court.
¶ 1. On January 8, 2002, Charles Deen was granted a divorce from Mary M. Deen based on constructive desertion. Ms. Deen has appealed the judgment by the Chancery Court of Jefferson Davis County and has raised the following issues:
I. Did the trial court err in granting a divorce to Mr. Deen on the ground of constructive desertion?
II. Did the trial court err in denying Ms. Deen's request for attorney's fees?

FACTS
¶ 2. The Deens were married in 1979 in Harrison County, Mississippi. Mr. Deen became legally blind in 1997. The Deens lived together until a final separation occurred in June 1998. No children were born to this union.
¶ 3. On September 15, 2000, Mr. Deen filed a complaint seeking a divorce from Mrs. Deen on the primary grounds of habitual cruel and inhuman treatment, and the alternative grounds of irreconcilable differences. A prior complaint for divorce had been denied in October of 1998.
¶ 4. During the trial of this action on April 26, 2001, Mr. Deen testified that a pattern had been established where he spent most weekends with his sister. Mrs. Deen would take him to the sister's house on Friday and pick him up on Sunday. He indicated that this was true even on many weekends when Mrs. Deen was informed of his desire not to visit his sister. According to Mr. Deen, on the last visit to his sister's house in 1998, Mrs. Deen neither called to check on him nor came to pick him up for approximately nine days.
¶ 5. Mr. Deen testified that Mrs. Deen mistreated him. He stated that Mrs. Deen would go to work during the week, and leave him without food while she was working.
¶ 6. Mr. Deen indicated that Mrs. Deen, without consulting him, brought her grandson, Grammar Lee Lockhart, to stay with them. Lockhart stayed with the Deens for approximately three years. Mr. Deen testified that during that period of time, the grandson treated him with disrespect and on at least one occasion in 1995, threatened him. According to Mr. Deen, when he informed Mrs. Deen of her grandson's conduct, she stated that he (Mr. Deen) should leave Lockhart alone before Lockhart hurt him. While putting a different spin on the matter, this disrespect was corroborated by the grandson who testified that both he and Mr. Deen had made negative remarks to each other.
¶ 7. Mr. Deen testified that since their separation in June 1998, the only contact between them was at the first trial on October 20, 1998. He noted that if Mrs. Deen had come for him after the first trial, he would have gone home with her. Mr. Deen also stated their marriage would have remained viable if Mrs. Deen had continued to treat him well. Mr. Deen indicated that he now rents a small trailer on someone else's property and pays someone to assist him as needed.
*738 ¶ 8. Mrs. Deen testified that despite the separation, she did not want a divorce. Mrs. Deen testified that while she worked daily from 7:00 a.m. to 3:30 p.m., she would leave food for Mr. Deen. Mrs. Deen indicated that it was the desire of Mr. Deen's sister to have someone stay with her on the weekend, which caused Mr. Deen to be there on the weekend. Mrs. Deen testified that Mr. Deen's sister would not allow him to return home. Mrs. Deen testified that she did not go and pick up her husband because it was her belief that he had a relationship with someone else.
¶ 9. At the trial, Mr. Deen amended his pleadings to also charge constructive desertion. The chancellor denied the divorce on the grounds of cruel and inhuman treatment, but granted a divorce based on constructive desertion. Mrs. Deen's request for attorney's fees was denied.

ISSUES AND ANALYSIS

I.

Did the trial court err in granting a divorce to Mr. Deen on the ground of constructive desertion?
¶ 10. Ms. Deen contends that the trial court's ruling "is manifestly wrong and not supported by substantial, credible evidence."
¶ 11. Desertion requires a showing of wilful, continued and obstinate desertion for the space of one year, Miss. Code Ann. § 93-5-1 (Rev.1994), the principle of constructive desertion may be applied in extreme cases. Griffin v. Griffin, 207 Miss. 500, 505, 42 So.2d 720, 722 (1949).
Constructive desertion may occur if either party by reason of such conduct on the part of the other, as would reasonably render the continuance of the marital relation, unendurable or dangerous to life, health or safety, is compelled to leave the home and seek safety, peace and protection elsewhere; or if the husband negligently or wilfully fails or refuses to support the wife, reasonably, in accordance with his means and ability, then the innocent one will, ordinarily, be justified in severing the marital relation and leaving the domicile of the other so long as such conditions shall continue. And in such event the one so leaving will not be guilty of desertion but the one whose conduct caused the separation will be guilty of constructive desertion.'
Griffin, 42 So.2d at 722.
¶ 12. In this case, the chancellor determined the following:
The Court finds that Mr. Deen is entitled to a divorce on the grounds of constructive desertion in that the testimony is quite obvious from all that has been done, that Mr. Deen has been blind. That he may be living in Bassfield. I don't know who he's living with. She's testified that he's been down there for two years. She says she has no business down there. But if her husband is down there and she wanted her husband back, then it sounds like she's got business to go down there. She has failed to do so within the one year as pertain [sic] to by the statute and therefore the Court finds that since Mr. Deen could not drive himself back down there, she has not appeared to take him back, that she is guilty of constructive desertion.
¶ 13. In reviewing domestic relations matters, this Court is limited by the substantial evidence/manifest error rule. We may only reverse a chancellor's finding of fact when there is no substantial and credible evidence in the record which supports that finding. Where the chancellor is not manifestly wrong, is not clearly erroneous and has not applied an erroneous legal standard, this Court is will not disturb his *739 findings. Hensarling v. Hensarling, 824 So.2d 583(¶ 7) (Miss.2002) (citations omitted).
¶ 14. The chancellor found that the course of conduct by Mrs. Deen amounted to constructive desertion. The record before this Court contains substantial, credible evidence which supports the chancellors's holding. Because this holding is supported by substantial, credible evidence, this Court is required to defer to that decision.

II.

Did the trial court err in denying Mrs. Deen's request for attorney's fees?
¶ 15. Mrs. Deen contends that the trial court erred in denying her request for attorney's fees. She maintains that "[i]t appears from a review of the transcript and the court record that there was no ruling by the Chancellor regarding the Appellant's request for attorney's fees; however, it was assumed denied by the Appellant given the fact that the divorce was granted." Mrs. Deen asserts that the divorce action was not filed in good faith and that she is without sufficient funds to pay her attorney.
¶ 16. The question of attorney's fees in a divorce action is a matter largely entrusted to the sound discretion of the trial court. East v. East, 775 So.2d 741(¶ 4) (Miss.Ct.App.2000). "If a party is financially able to pay her attorney, an award of attorney's fees is not appropriate." Id. Mrs. Deen offered no evidence of any inability to pay her own attorney's fees. The party requesting attorney's fees has that burden of proof on that issue. Mrs. Deen did not meet that burden of proof. If the record does not demonstrate the wife's inability to pay her attorney's fees, then an award of the fees is an abuse of discretion. Benson v. Benson, 608 So.2d 709, 712 (Miss.1992). Because Mrs. Deen did not demonstrate an inability to pay her attorney fees, we find no error in the chancellor's decision to deny attorney's fees.
¶ 17. THE JUDGMENT OF THE JEFFERSON DAVIS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.