917 So.2d 803 (2005)
A. Ray BEEZLEY, Jr., Appellant
v.
Cheryl BEEZLEY (Now Gray), Appellee.
No. 2003-CA-01616-COA.
Court of Appeals of Mississippi.
October 4, 2005.
Rehearing Denied January 3, 2006.
*805 Ed Pittman, Samuel E. Farris, attorneys for appellant.
Renee M. Porter, attorney for appellee.
Before LEE, P.J., IRVING and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. A. Ray Beezley ("Ray") and Cheryl Beezley were granted a divorce. Neither party hired an attorney for the divorce proceedings. Cheryl drafted the parties' child custody and property settlement, which Ray signed. The agreement required Ray to pay $5,000 per month in spousal support "without limitations." The agreement stipulated that the spousal support obligation was not to be considered alimony, and Ray was not allowed to deduct the expense as alimony for income tax purposes.
¶ 2. Two weeks after the divorce was finalized, Cheryl told Ray that she intended to remarry. After Cheryl remarried, Ray filed a motion to terminate his spousal support obligations and to relieve him of his obligation to name Cheryl as a beneficiary of a life insurance policy. The Lamar County Chancery Court denied Ray's petition, finding that the spousal support obligations were in the nature of a property settlement and therefore unmodifiable. Ray appeals, raising the following issues:
I. WHETHER THE COURT ERRED IN RULING THAT RAY'S SPOUSAL SUPPORT PAYMENTS WERE IN THE NATURE OF A PROPERTY SETTLEMENT
II. WHETHER RAY IS REQUIRED TO MAINTAIN CHERYL AS A BENEFICIARY OF A LIFE INSURANCE POLICY
¶ 3. We reverse and remand.

FACTS
¶ 4. A. Ray Beezley and Cheryl Beezley Gray were married on November 1, 1980. At that time, Ray worked while attending medical school and was the sole income earner throughout the marriage. He currently works as an emergency room doctor at Wesley Medical Center. Three children were born of this marriage, Rachel Lin Beezley, born March 31, 1983; Alyssa Rae Beezley, born August 8, 1987; and Hunter Clay Beezley, born July 24, 1989. Rachel is a student at the University of Alabama, and Cheryl provides home-schooling to Alyssa and Hunter. The parties divorced on December 3, 2001, and entered their child custody and property settlement agreement with the chancery court at that time. Neither party hired an attorney.
¶ 5. The child custody and property settlement agreement was drafted by Cheryl, with Ray's understanding that it was a "gentleman's agreement" that was contingent upon Cheryl's need for support and Ray's ability to pay. Ray's visitation rights and child support obligations were recited in section 1 of the agreement. Section 1 of the agreement also imposed an obligation for Ray to pay $5,000 per month to Cheryl.[1] These monthly payments were not considered alimony, and Ray was not allowed to deduct this expense as alimony for income tax purposes. The agreement read:

*806 In the matter of child support, in addition to and separate from child support payments, A. Ray Beezley shall pay to Cheryl Beezley the agreed upon amount of Five Thousand Dollars ($5,000.00) per month with no limitations. This Five Thousand Dollars ($5,000.00) is not alimony and per the I.R.S. tax code A. Ray Beezley shall not claim this amount as alimony. A. Ray Beezley shall keep Cheryl Beezley as beneficiary to his life insurance policy.
¶ 6. Two weeks after the divorce, Cheryl told Ray that she intended to remarry. Ray was unaware that Cheryl had any near-term marriage prospects. In June of 2002, Cheryl married Steve Gray. On September 11, 2002, Ray filed a petition to terminate the spousal support obligation, arguing that the obligation was in the nature of periodic alimony. Cheryl filed a counterclaim for Ray's arrearage of spousal support payments. In the time between Ray's motion to terminate and the time of trial, Ray paid some of his spousal support obligations, but he often failed to pay Cheryl the full $5,000. On March 20, 2003, the day of the trial, Cheryl's counterclaim was for the amount of $20,200, the amount of Ray's arrearage at that time.
¶ 7. Ray testified that the spousal support was for the purpose of supporting Cheryl after the divorce, and it was not intended to continue if Cheryl remarried. Ray explained that his understanding of the term "no limitations" meant no specific time limitations, but this phrase was not intended for Ray to pay spousal support after Ray's death or on the remarriage of Cheryl. Cheryl testified that the purpose of the spousal support arrangement was for Ray to provide support to her for the rest of her life. Ray and Cheryl both testified that the life insurance provision was intended to provide a substitute for the spousal support payments upon Ray's death.
¶ 8. The chancery court denied Ray's petition to terminate spousal support payments, finding that the payments were intended to be "some form of property settlement." Accordingly, the chancellor held that the spousal support provision was not modifiable. He also ordered Ray to pay the spousal support arrearage.

ANALYSIS

I. WHETHER THE COURT ERRED IN RULING THAT RAY'S SPOUSAL SUPPORT PAYMENTS WERE IN THE NATURE OF A PROPERTY SETTLEMENT
¶ 9. Mississippi recognizes four basic types of alimony: (1) periodic, (2) lump sum, (3) rehabilitative, and (4) reimbursement. Smith v. Little, 834 So.2d 54, 57(¶ 9) (Miss.Ct.App.2002). The spousal support payment is clearly not rehabilitative alimony because Cheryl does not intend to enter the workforce. Hubbard v. Hubbard, 656 So.2d 124, 130 (Miss.1995). The spousal support payment is clearly not reimbursement alimony because of the length of time that has passed since Ray has finished his residency. Guy v. Guy, 736 So.2d 1042, 1046(¶ 15) (Miss.1999).
¶ 10. Lump sum alimony is a fixed and irrevocable sum, used either as alimony or as part of a property division. Wray v. Wray, 394 So.2d 1341, 1345 (Miss.1981). Payment of such obligations become fixed on the husband and terminate on some future date. Id. Lump sum alimony and property settlements are payable in fixed and unalterable installments. Headrick v. Headrick, 788 So.2d 784, 787(¶ 9) (Miss.Ct.App.2001). "Absent fraud or a contractual provision stating otherwise, neither a property settlement nor lump sum alimony may be modified." *807 Norton v. Norton, 742 So.2d 126, 129 (¶ 12) (Miss.1999).
¶ 11. Periodic alimony is modifiable and vests as it comes due. Holley v. Holley, 892 So.2d 183, 186(¶ 11) (Miss. 2004). It has no fixed termination date but terminates upon the death or remarriage of the receiving spouse. Armstrong v. Armstrong, 618 So.2d 1278, 1281 (Miss.1993). Periodic alimony is awarded on the basis of need. West v. West, 891 So.2d 203, 212(¶ 21) (Miss.2004). "When the judgment is worded so that we cannot tell whether the award is periodic or lump sum, we will consider that the award is for periodic." Armstrong, 618 So.2d at 1281.
¶ 12. Ray's agreement to make spousal support payments may be considered alimony, even though the parties stipulated that the payments were not classified as alimony. Courts determine an alimony award based on the substance of what was provided, not the label. Bowe v. Bowe, 557 So.2d 793, 795 (Miss.1990).
¶ 13. A property settlement agreement is no different from any other contract, "and the mere fact that it is between a divorcing husband and wife, and incorporated in a divorce decree, does not change its character." East v. East, 493 So.2d 927, 931-32 (Miss.1986). Courts are bound by what the parties have said, "provided only that we read the entire settlement agreement/divorce judgment and in the best light possible, attributing to its provisions the most coherent and reasonable scheme they may yield." Webster v. Webster, 566 So.2d 214, 215 (Miss.1990). Where the question before us is essentially one of interpretation of a legal text, our review is de novo. Id.
¶ 14. When a contract is clear and unambiguous, this Court "is not concerned with what the parties may have meant or intended but rather what they said, for the language employed in a contract is the surest guide to what was intended." Shaw v. Burchfield, 481 So.2d 247, 252 (Miss.1985). An appellate court is not bound by a lower court's conclusions with respect to ambiguity. Ford Motor Credit Co. v. State Bank & Trust Co., 571 So.2d 937, 940 (Miss.1990) (citing Boudreau v. Borg-Warner Acceptance Corp., 616 F.2d 1077, 1079 (9th Cir.1980)).
¶ 15. In the present case, this Court finds that the parties' child support and property division agreement is ambiguous. First, the provision for spousal support payments were listed in section 1 of the parties' agreement, whereas the property division arrangement was listed in section 2 of the parties' agreement. "In the case of property settlement and lump sum alimony, the court's decision must hinge on the value of the marital estate, or the spouses' separate estates." Heigle v. Heigle, 654 So.2d 895, 898 (Miss.1995). In addition, there was no provision for a fixed total amount or duration of the monthly payment, and it is not clear whether Ray's obligations would continue after his death. Cheryl counterclaimed only for the amount of Ray's arrearage at the time of the trial. Thus, it is not clear that the spousal support payments were intended as a property settlement. Second, the payments Ray was required to make were called "spousal support" payments and were to be provided for "with no limitations." These terms indicate that the parties intended for Ray to provide continued financial support to Cheryl for an indefinite period of time. Such an award is in the nature of periodic alimony.
¶ 16. Where a contract is ambiguous, courts are obligated to pursue the intent of the parties by resorting to parol evidence. Kight v. Sheppard Bldg. Supply Inc., 537 So.2d 1355, 1358 (Miss.1989). "In *808 addition, the construction which the parties have placed upon the contract, or what the parties to the contract do thereunder, is relevant extrinsic evidence, and often the best evidence, of what the contract requires them to do." Id. Ambiguities are construed against the party preparing it. Id. On remand, the chancellor shall reconsider the testimony that Ray and Cheryl presented at trial, in addition to all other relevant parol evidence, to determine whether Ray's spousal support obligation was intended as alimony. If the chancellor determines that the obligation was intended as alimony, it must then determine whether the alimony was periodic or lump sum. If the chancellor finds that Ray's spousal support obligation is periodic alimony, Ray shall be relieved of his obligation to pay spousal support.

II. WHETHER RAY IS REQUIRED TO MAINTAIN CHERYL AS A BENEFICIARY OF A LIFE INSURANCE POLICY
¶ 17. In Johnson v. Pogue, 716 So.2d 1123 (Miss.Ct.App.1998), the ex-husband was required to designate his ex-wife as a beneficiary of a life insurance policy in the amount of $75,000. The policy was designed to protect the ex-wife if the ex-husband failed to make alimony payments and later died. Id. at 1134(¶ 41). This Court held that the amount of insurance was excessive considering its purpose because the chancellor reduced the ex-husband's alimony monthly obligation from $1,000 to $500. Id. This Court ordered the chancellor to calibrate the insurance policy amount to the new alimony obligation, with the insurance policy to be extinguished if alimony is no longer required. Id. On remand, if the chancellor finds that Ray is no longer required to pay alimony, and if the chancellor further finds that the purpose of the life insurance policy was to compensate Cheryl in the event that Ray failed to make spousal support payments or to compensate Cheryl in lieu of support payments, then Ray's obligation to name Cheryl as a beneficiary of a life insurance policy shall be terminated.
¶ 18. THE JUDGMENT OF THE CHANCERY COURT OF LAMAR COUNTY IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEE.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. IRVING J., CONCURS IN RESULT ONLY.
NOTES
[1] The parties' agreement as to their division of property is listed in section 2 of the contract.