# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00689-COA

**HERMAN SCOTT**                                                                                          **APPELLANT**

**v.**

**LILLIE SCOTT**                                                                                          **APPELLEE**

DATE OF JUDGMENT:              03/02/2015
TRIAL JUDGE:                   HON. WILLIAM H. SINGLETARY
COURT FROM WHICH APPEALED:     HINDS COUNTY CHANCERY COURT,
                               SECOND JUDICIAL DISTRICT
ATTORNEYS FOR APPELLANT:       JOHN R. REEVES
                               JOHN JUSTIN KING
ATTORNEYS FOR APPELLEE:        JOHN ROBERT WHITE JR.
                               PAMELA GUREN BACH
NATURE OF THE CASE:            CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:       ENTERED JUDGMENT OF DIVORCE,
                               DIVIDED MARITAL PROPERTY, AND
                               AWARDED ALIMONY TO APPELLANT
DISPOSITION:                   AFFIRMED - 12/13/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., CARLTON AND GREENLEE, JJ.**

**GREENLEE, J., FOR THE COURT:**

¶1.     Herman and Lillie Scott obtained a divorce in 2015. From that judgment of divorce, Herman appeals the chancellor's equitable distribution of the marital property, and in particular the chancellor's award of the family home to Lillie. Herman also argues that the chancellor erred in failing to award him periodic alimony or, in the alternative, that the chancellor erred in failing to award him a greater amount of lump-sum alimony. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2. Lillie and Herman married in 1999 and divorced in 2015 after separating in 2012. They have an emancipated child, who was twenty-six years old at the time of the divorce hearing. The couple agreed to an irreconcilable-differences divorce and submitted the issues of distribution of the marital assets and alimony to the chancellor.

¶3. Herman has a tenth-grade education and, as of the divorce proceedings, had worked as a facilities manager at Hinds Community College for many years, making approximately $32,400 a year. Lillie, a nurse, was working as director of the cardiothoracic-surgery department at Central Mississippi Medical Center, making approximately $111,000 a year. Both parties had Public Employees' Retirement System (PERS) retirement accounts. Herman's PERS account was untouched and valued at $58,161. Lillie had previously liquidated her $41,000 PERS account and spent the funds on home improvements and dental work.[1]

¶4. During the marriage, the couple built a marital home on a lot deeded to them by Herman's father for $1,500. At the time of the divorce proceedings, the property was valued at $210,000, and the couple had an outstanding mortgage on the home of approximately $155,000. Herman moved out of the marital home in 2011.

¶5. The couple had significant debt, primarily incurred by Lillie, who filed for bankruptcy in 2012. At the time of the divorce proceedings, Lillie was making monthly payments toward discharging approximately $73,661.50 of bankruptcy debt. Her $17,995 Sallie Mae loan was

---

[1] Lillie liquidated her PERS account at a time she was not in PERS-related employment.

placed in abeyance pending the completion of the bankruptcy payment plan. According to the hearing testimony, Lillie's insistence on living outside of the family's means, including her interest in gambling, was a source of the debt and a source of contention between the couple. Herman accused Lillie of adultery, and Lillie accused Herman of domestic abuse.[2]

¶6.     The chancellor performed a detailed *Ferguson* and *Armstrong* analysis. Both parties worked throughout the marriage. The chancellor found that both parties contributed to the accumulation of the marital estate, and that Herman made noneconomic contributions to the household. He found that Herman would be in somewhat reduced circumstances after the divorce. He found that Lillie had squandered a portion of the marital estate, and that this was accounted for in the division of property. He found that both parties were at fault in the breakup of the marriage.

¶7.     Lillie was ordered to pay approximately $70,000 of the parties' debt. The only debt Herman was required to pay was an outstanding IRS debt of $3,357.39. Lillie was awarded one hundred percent of the marital home, which included approximately $55,000 in equity, with approximately $155,000 remaining on the mortgage. Herman was awarded the majority of the unencumbered marital property, including all of his $58,000 PERS retirement account, his checking and savings accounts, his truck, and various guns, tools, equipment, and jewelry.

¶8.     The chancellor's division of marital property operated in part as an award of lump-

---

[2] While the divorce was ultimately granted on the basis of irreconcilable differences, the chancellor noted that the evidence presented tended to support Herman's allegation of Lillie's adultery, and that Lillie was granted a restraining order against Herman following an arrest for domestic assault.

sum alimony to Herman. The chancellor stated:

> All of the *Armstrong* factors mentioned above which suggest the appropriateness of an award of alimony to Herman have been considered by the Court to entitle him to a modest award of lump sum alimony. The Court considers that the division of the marital estate outlined below incorporates an equitable division of the estate and an award of such lump sum alimony.

Herman appeals.

## DISCUSSION

¶9. Our review of domestic-relations matters is limited. *Ferguson v. Ferguson*, 639 So. 2d 921, 930 (Miss. 1994). When reviewing a chancellor's equitable distribution of property, this Court only "reviews the judgment to ensure that the chancellor followed the appropriate standards and did not abuse his discretion." *Phillips v. Phillips*, 904 So. 2d 999, 1001 (¶8) (Miss. 2004). "In the case of a claimed inadequacy or outright denial of alimony, we will interfere only where the decision is seen as so oppressive, unjust or grossly inadequate as to evidence an abuse of discretion." *Armstrong v. Armstrong*, 618 So. 2d 1278, 1280 (Miss. 1993).

> **I.    The chancellor did not err in failing to award the marital home to Herman.**

¶10. Herman argues that the chancellor erred in failing to award him the marital home because the land the couple built the marital home on had been purchased from his father and because he has relatives living on adjacent land. Emotional attachment to property and that property's proximity to relatives is a significant circumstance to consider in equitable distribution. *Sandlin v. Sandlin*, 906 So. 2d 39, 42 (¶12) (Miss. Ct. App. 2004). In *Sandlin*, the wife was awarded the marital home where she maintained the marital home, the property

4

had once been her grandparents', and relatives lived nearby. *Id.* In affirming, this Court noted that the grant of such a significant asset to the wife was equitably counterbalanced by the award of other marital assets to the husband, including his retirement benefits, and his not being required to make alimony payments. *Id.* at 43 (¶14).

¶11. Here, the chancellor acknowledged the potential emotional value of the land to Herman, then provided detailed reasoning for awarding the house to Lillie rather than Herman, noting that Herman would likely not be able to afford the mortgage on the house, that the mortgage was part of Lillie's bankruptcy plans, and that granting Lillie the house Herman could not afford freed the unencumbered marital property to be equitably awarded to Herman.

¶12. The chancellor stated:

> None of Lillie's and Herman's assets has such emotional value as to require special consideration at this point, with the possible exception of the marital domicile and one acre of land, which were either gifted to the parties or purchased by them from Herman's father. Because other of Herman's family live nearby, this asset might be considered to have more emotional value to Herman; however, the mortgage on the house is included in Lillie's chapter 13 bankruptcy, and it does not appear that it would be very likely that Herman could afford the house anyway. There is not an effective way to equitably divide the marital estate, including as much debt as there is, without awarding the house to Lillie, which the Court accomplishes herein below.

We cannot find that the chancellor abused his discretion in determining that "there is not an effective way to equitably divide the marital estate, including as much debt as there is, without awarding the house to Lillie." The chancellor appropriately determined that, in these particular circumstances, any emotional value in Herman's favor was overcome by other equitable economic considerations.

5

**II.    The chancellor did not err in the type or amount of alimony awarded to Herman.**

¶13.    Herman argues that the chancellor erred in failing to award him a greater amount of lump-sum alimony and in failing to award him periodic alimony. "Alimony and equitable distribution are distinct concepts, but together they command the entire field of financial settlement of divorce. Therefore, where one expands, the other must recede." *Ferguson*, 639 So. 2d at 929. In the final analysis, alimony and equitable distribution should be considered together so as to prevent inequity. *Watson v. Watson*, 882 So. 2d 95, 98 (¶15) (Miss. 2004). Disparity of the parties' separate estates is the single most important factor in determining whether lump-sum alimony is appropriate. *Cheatham v. Cheatham*, 537 So. 2d 435, 438 (Miss. 1988). Lump-sum alimony is particularly appropriate when the deficit leaves one party unable to meet reasonable expenses. *See Ferguson*, 639 So. 2d at 926.

¶14.    The chancellor detailed his reasons for awarding Herman "modest" lump-sum alimony, reflected in the equitable distribution of the marital property. He considered Herman's needs, current obligations, and standard of living. Given our determination that the chancellor did not err in awarding Lillie the marital home (placing the burden of the mortgage on her), that Herman was awarded the majority of the unencumbered marital property and almost none of the debt, and Lillie's monthly bankruptcy obligations, we find that the chancellor did not err in declining to award Herman a greater amount of lump-sum alimony or periodic alimony.

**CONCLUSION**

¶15.    The chancellor did not err in determining that equitable economic distribution of the

6

property required awarding the marital home to Lillie. The chancellor also did not err in his award of lump-sum alimony to Herman. We therefore affirm the chancellor's judgment.

¶16. **THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT, SECOND JUDICIAL DISTRICT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

**IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE AND CARLTON, JJ., CONCUR. FAIR AND WILSON, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. LEE, C.J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION, JOINED BY FAIR AND WILSON, JJ.**

**LEE, C.J., CONCURRING IN RESULT ONLY:**

¶17. I concur in result with the majority's decision to affirm; however, I find that the chancellor's decision to categorize a portion of the equitable division of the marital assets as lump-sum alimony was incorrect.

¶18. First, the chancellor did not provide for a specific amount of lump-sum alimony. Whether lump-sum alimony is "used either as alimony or as part of property division," it must be a "fixed and irrevocable sum." *Beezley v. Beezley*, 917 So. 2d 803, 806 (¶10) (Miss. Ct. App. 2005) (citing *Wray v. Wray*, 394 So. 2d 1341, 1345 (Miss. 1981)). The chancellor did not designate a specific amount of lump-sum alimony; rather, he divided the marital assets, giving Herman the majority of the unencumbered assets. The chancellor simply stated that "the division of the marital estate . . . incorporates an equitable division of the estate and an award of such lump sum alimony."

¶19. Second, the nature of the award is, in reality, equitable distribution. This Court in *East v. East*, 775 So. 2d 741, 745 (¶9) (Miss. Ct. App. 2000), determined that the chancellor

7

incorrectly labeled an equity transfer from the husband to the wife as lump-sum alimony, when, "in effect, it is a portion of the . . . equitable distribution of the estate." We affirmed the transfer but corrected the labeling error. *Id*. Here, I would affirm the equitable-distribution award but decline to accept the chancellor's decision to label any amount thereof as lump-sum alimony.

**FAIR AND WILSON, JJ., JOIN THIS OPINION.**