LEE, C.J.,
CONCURRING IN RESULT ONLY:
¶ 17. I concur in result with the majority’s decision to affirm; however, I find that the chancellor’s decision to categorize a portion of the equitable division’ of the marital assets as lump-sum alimony was incorrect.
¶ 18. First, the chancellor did not provide for a specific amount of lump-sum alimony. Whether lump-sum alimony is “used either as alimony or as part of property division,” it must be a “fixed and irrevocable sum.” Beezley v. Beezley, 917 So.2d 808, 806 (¶ 10) (Miss. Ct. App. 2005) (citing Wray v. Wray, 394 So.2d 1341, 1345 (Miss. 1981)). The chancellor did not designate a specific amount of lump-sum alimony; rather, he divided the marital assets, giving Herman the majority of the unencumbered assets. The chancellor simply stated that “the division of the- marital estate ... incorporates an equitable division of the estate and an award of such lump sum alimony.”
¶ 19. Second, the nature of the award is, in reality, equitable distribution. This Court in East v. East, 775 So.2d 741, 745 (¶ 9) (Miss. Ct. App. 2000), determined that the chancellor incorrectly labeled an equity transfer from the husband to the wife as lump-sum alimony, when, “in effect, it is a portion of the ... equitable distribution of the .estate.” We affirmed the transfer but corrected the labeling error. Id. Here, I would affirm the equitable-distribution award but decline to accept the chancellor’s decision to label any amount thereof as lump-sum alimony.
FAIR AND WILSON, JJ., JOIN THIS OPINION.